**GEFFERS v. CHICAGO, B. & Q. R. CO.**

District Court, D. Minnesota, First Division. April 16, 1928.

1. Removal of causes ⊙⇒25(1)—Complaint for injury in interstate commerce does not involve fraudulent attempt to prevent removal, where question of interstate commerce is doubtful (Federal Employers' Liability Act [45 USCA §§ 51–59]).

In action under Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), in which complaint alleges that plaintiff was engaged in interstate commerce, case should be remanded to state court, if it is a fairly doubtful question as to whether plaintiff was engaged in interstate commerce, since under such circumstances there can be no fraud in plaintiff's complaint; it being provided by Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), that no case arising under the act and brought in state court should be removed.

**2. Removal of causes ⟨⟩107(7)—Defendant had burden to prove plaintiff's allegation that injury occurred in interstate commerce was fraudulently inserted to prevent removal (Federal Employers' Liability Act [45 USCA §§ 51–59]).**

In action under Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665) for injuries alleged to have been sustained in interstate commerce, burden was on defendant opposing remand after removal to prove that allegation in question was fraudulently inserted merely to bring plaintiff within the act, which prohibits removal of cases thereunder to federal courts.

**3. Removal of causes ⟨⟩25(1)—Plaintiff's claim that movement of intrastate cars was for purpose of switching interstate car was not merely colorable and required remand in action for injuries (Federal Employers' Liability Act [45 USCA §§ 51–59]).**

In action for injuries under Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), occurring while plaintiff was engaged in switching intrastate cars, claim that switching was done for the purpose of removing interstate car *held* not merely colorable claim, precluding remanding of case to state court after removal, on ground allegation in complaint that plaintiff was engaged in interstate commerce was fraudulently inserted to prevent removal under provision of act denying removal in action for injuries occurring in interstate commerce.

At Law. Action by Arthur Geffers against the Chicago, Burlington & Quincy Railroad Company. On plaintiff's motion to remand the case to the state district court after removal. Motion granted.

Tautges, Wilder & McDonald, of Minneapolis, Minn., for plaintiff.

Denegre, McDermott, Stearns & Stone, of St. Paul, Minn., for defendant.

JOHN B. SANBORN, District Judge. The action is one for personal injuries growing out of an accident which occurred in the defendant's yard at Burlington, Iowa, and which the plaintiff alleges occurred while he was engaged in interstate commerce. The cause of action is based on the Federal Employers' Liability Act (45 USCA §§ 51–59; Comp. St. §§ 8657–8665), which provides that no case arising under the act and brought in a state court of competent jurisdiction shall be removed to any court of the United States. The petition for removal asserts that the allegation to the effect that at the time of the accident the plaintiff was engaged in interstate commerce is false and fraudulent, and that he was then engaged solely in intrastate commerce.

The petition for removal and the motion to remand, with the affidavits filed in their support, present this question: Does the record so conclusively show that, at the time the plaintiff was injured, he was not engaged in interstate commerce, that the allegations of the complaint stating he was must be regarded as so baseless and colorable as to constitute a fraudulent attempt to defeat the jurisdiction of this court?

[1] If it is a fairly doubtful question as to whether or not plaintiff was engaged in interstate commerce at the time of the accident, then there could be no fraud in the plaintiff's complaint. Farmers' Bank & Trust Co. v. A., T. & S. F. R. Co., 25 F.(2d) 23.

[2] The burden is upon the defendant to prove that the allegation in question was fraudulent, and not upon the plaintiff to prove that it is not. I see no reason why the test as to whether an adverse claim to property alleged to belong to a bankrupt in the hands of a third person is real, or merely colorable, should not apply in a situation such as this. In Harrison v. Chamberlin, 271 U. S. 191, 195, 46 S. Ct. 467, 70 L. Ed. 897, it was said that such a claim "is not to be held merely colorable unless the preliminary inquiry shows that it is so unsubstantial and obviously insufficient, either in fact or law, as to be plainly without color of merit, and a mere pretense." In that case it was held that such a claim, where its determination involved "fair doubt and reasonable room for controversy," and where its validity depended upon disputed facts, as to which there was a conflict of evidence, was not merely colorable.

[3] I have read the affidavits. The defendant claims that the plaintiff was engaged in switching certain intrastate cars. The plaintiff admits that he was engaged in that work, but says it was done for the purpose solely of enabling the switching crew to place an interstate car upon a designated track and in connection with that interstate operation; that the movement of the intrastate cars was merely incidental to the performance of the duty of switching the interstate car.

It seems to me that the determination of the question as to whether it was or was not interstate commerce in which the plaintiff was engaged at the time depends upon disputed facts, as to which there is a conflict of evidence, and that the plaintiff's claim that he was so engaged cannot be said to be merely colorable.

The motion to remand is granted.