### In re BATIZ.

District Court, S. D. New York.

Jan. 6, 1933.

94

Tischler & Gottesman, of New York City, for trustee.

Buitenkant & Finkel, of New York City, for Seymore Samkoff.

PATTERSON, District Judge.

On March 12, 1932, one Samkoff obtained a warrant of attachment in a suit against the bankrupt. On the same day a city marshal levied the attachment on the bankrupt's goods, whereupon the bankrupt deposited with the marshal the sum of $500 in cash in order to release the goods. An involuntary petition in bankruptcy was filed against the bankrupt, on April 4, 1932. A few days afterward Samkoff obtained judgment in his suit and issued execution. The marshal then turned over to Samkoff the sum of $487.15, being the net sum held under the attachment.

The trustee instituted a summary proceeding against Samkoff to compel him to turn over the money. Samkoff appeared specially and objected to the jurisdiction. It was alleged in the trustee's petition, and denied by Samkoff in his answer, that the bankrupt was insolvent at the time of the attachment. The referee without taking proof summarily ordered Samkoff to turn over the money.

■ The relevant provision of the Bankruptcy Act is section 67f, 11 USCA § 107 (f), to the effect that "all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt. * * * " If the bankrupt was insolvent when the levy under the attachment was made, the lien was void; if he was then solvent, the lien was valid. What happened later in the course of realizing upon the lien is of no moment.

■ A summary proceeding to compel the levying creditor to turn over the money could be prosecuted to a successful conclusion only on proof that the adverse claim was no more than colorable. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770; May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870; Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897. In the instant case it was therefore the task of the trustee to show convincingly that the bankrupt was in fact insolvent when the attachment was placed on his goods some three weeks prior to the bankruptcy, and that the respondent's denial of such insolvency was no more than a sham. In the absence of such proof there was no jurisdiction to order the respondent to turn over the money collected under the attachment. The trustee's allegation of insolvency having been controverted by the respondent, it was error to issue the summary order without even requiring proof as to the financial condition of the bankrupt when the lien of the attachment fastened on his property.

The case will be remitted to the referee to allow the parties to offer evidence on the issue of insolvency of the bankrupt at the time the attachment took effect.