## In re MANBEACH REALTY CORPORATION.

No. 27713.

District Court, E. D. New York.
April 15, 1935.

Samuel Silbiger, of Brooklyn, N. Y., for petitioner.

Hughes, Schurman & Dwight, of New York City (John F. Caskey and John R. McCullough, both of New York City, of counsel), for Superintendent of Insurance.

BYERS, District Judge.

Motion by a corporate debtor to enjoin the New York State Superintendent of Insurance from taking steps looking towards a reorganization of the debtor except as prayed in its petition in this court, and requiring the filing of a list in this court of the names and addresses of the holders of certificates issued under the first mortgage covering debtor's property.

The debtor owns the building and premises 2981 Ripple street, formerly Sea Air avenue, Brooklyn; the petition asserts that the property is worth $201,800.44.

| There is a first mortgage which became | |
|---|---|
| due on January 1, 1935, of................ | $105,000.00 |
| Accrued interest thereon..................... | 11,727.00 |
| The second mortgage is..................... | 26,600.00 |
| The accrued interest thereon.............. | 3,192.00 |
| Taxes due (1934) and water charges........ | 5,281.13 |
| Total ..................................... | $151,800.13 |

The president of the debtor has advanced to it $35,300.00 but whether as a loan or contribution to capital does not clearly appear; the capital stock is $5,-000.00 and is owned entirely by the president of the company; the latter has no assets or property except as above stated.

The entire first mortgage is held for the benefit of 69 certificate holders who purchased certificates from Title Guarantee & Trust Company. The form of the certificate and the joint guarantee by that company and Bond & Mortgage Guarantee Company are substantially as recited in Jacoby v. Bond & Mortgage Guarantee Co. (C. C. A.) 72 F.(2d) 420.

In December, 1934, a committee of certificate holders representing an investment of $16,600.00 promulgated a plan of reorganization which was the subject of a notice under the so-called Schackno Act (Laws N. Y. 1933, Ex. Sess., c. 745), giv-

en by the Superintendent of Insurance under date of February 11, 1935, returnable before the Supreme Court of New York on March 7, 1935. That plan contemplates foreclosure of the first mortgage, title to be taken by a new corporation in which the certificate holders will own all the stock and debentures; these will be issued to the total of the amount represented by the existing certificates, and a new first mortgage is to be placed which will be a senior lien, in an amount sufficient to cover arrears of taxes, etc.

That proceeding came on for hearing on due notice at the appointed time, which was the same day on which the debtor filed its petition under section 77B Bankr. Act (11 USCA § 207), in this court.

At the close of that hearing, Mr. Justice Brower approved the plan and directed the foreclosure to proceed.

There was an alternative plan presented by the second mortgagee which seems to have been reserved for consideration. The minutes recite that consents of $31,050.00, namely 29½ per cent. of the certificate holders, were given to the corporate plan.

The questions for present determination are whether this court has jurisdiction to stay the progress of the Superintendent in carrying forward the plan pursuant to the proceeding in the state court; and, if it has, and the jurisdiction is assumed, whether the names and addresses of the certificate holders shall be required to be filed.

It will be readily apparent that this court is not confronted by any mere question of convenience.

If notions of expedience were to govern, the debtor would be relegated to the jurisdiction invoked by the Superintendent in the pursuit of duties placed upon him by the Legislature of the State of New York, and this court could thus relieve itself of a perplexing task.

Congress, however, has enacted section 77B of the Bankruptcy Act (11 USCA § 207), with a view to accelerating corporate reorganizations and, as this debtor seems to be comprehended in that purpose, jurisdiction cannot be disclaimed as a matter of convenience.

The arguments in opposition to the motion will be considered in the order in which they are stated:

A. That the court has no power to interfere with the performance of statutory duty by the Superintendent.

Apparently the same argument was addressed to this court in Re Coney Island Hotel Corporation, 9 F. Supp. 329, and was rejected by Judge Galston; the Circuit Court of Appeals (76 F.(2d) 126) in writing in that case, March 11, 1935, said nothing on the subject, and in Re Murel Holding Corporation (C. C. A.) 75 F.(2d) 941, decided the same day, and involving the stay of a foreclosure which had been instituted by the holder of a first mortgage, the following language occurs: "The argument and the briefs have taken a wide range, being for the most part directed to the powers of the court. We do not find it necessary to discuss the points raised * * *."

Naturally the brief for the Superintendent lays emphasis upon the asserted lack of power of the federal court to interpose its mandate to forbid a state officer to perform his statutory duties; the converse of the proposition is not stated, which is that, if the assertion were to prevail, it would so operate as to evacuate the federal court of its duty to function as a court of bankruptcy over a corporation over which it has jurisdiction.

The opinion of the Supreme Court in Continental, etc., Bank & Trust Co. v. Chicago, R. I. & P. Ry. Co., 55 S. Ct. 595, 79 L. Ed. ——, April 1, 1935, presages a decision that section 77B will be held constitutional, and, if that is so, this court can do nothing to derogate from its functions under that statute.

If either the pending proceeding in the Supreme Court of New York or the one here pending must yield, and a choice seems inevitable, it is the latter which must prevail in deference to the constitutional basis for bankruptcy proceedings.

Section 266 of the Judicial Code (28 USCA § 380) is not involved, for the court is not asserting anything concerning the constitutionality of the Schackno Act.

The state proceeding has not developed into a proceeding in rem, for foreclosure seems to wait upon the order of the state court. This must be so, because the plan there presented might not have gained the approval of the court, and foreclosure might have been thought inadvisable. In other words, the state proceeding thus far is in effect an application for leave to foreclose; thus no question is presently presented, as to which court first acquired possession of the res.

■ B. That section 77B, properly construed, does not authorize this court to stay a secured creditor from enforcing mortgage liens not invalidated by bankruptcy.

This argument rests upon the theory that the debtor is not in possession of its property, since, in September of 1933, the debtor, as owner, executed an assignment of rents, to Bond & Mortgage Guarantee Company which entered into possession by its agent who has since been managing the property. The Superintendent inherited this possession as rehabilitator of the Guarantee Company.

Therefore it is urged that the court cannot exercise jurisdiction over property which was not in the debtor's possession when the petition was filed. Reliance is placed upon cases holding that a summary bankruptcy jurisdiction does not lie respecting property held adversely to the bankrupt estate, as for instance Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897. That case is indeed remote in respect of the facts and issues presented.

Here the question of jurisdiction pertains to two persons: The debtor, and the Superintendent of Insurance. Whether jurisdiction is to be asserted over the property may never arise, because the debtor's plan may be rejected.

Reliance is also placed upon decisions such as Penn General Casualty Co. v. Pennsylvania, 55 S. Ct. 386, 79 L. Ed. ——, February 4, 1935, in which the Supreme Court admonishes the inferior federal courts against interference with liquidation proceedings of corporations under state statutes. If this argument is meant to apply to the debtor, it fails, for there is no state liquidation proceeding pending concerning it, although the petition herein may so result.

: The remaining arguments under this division have to do with noninterference by federal courts with proceedings pending in state courts to foreclose valid liens. If this first mortgage had been under foreclosure when the petition was filed, the contentions would have been apposite, but such was not the fact. As has been seen, the Circuit Court of Appeals in the Murel Case, supra, did not deem it necessary to discuss questions of power, even though foreclosure antedated such a petition as this.

■ C. That the court, even if jurisdiction pertains, should not grant the stay.

It is sufficient to state that, for present purposes, but a temporary stay is deemed proper, and that only for the purpose of ascertaining what plan the debtor offers, whether it is feasible, and how the creditors view it.

■ D. It is said that "the court has no jurisdiction over the lists of security holders."

Jurisdiction does not pertain to lists of names, but to persons or property.

The law here invoked by the debtor depends for its efficacy, in part, upon the views and preferences of creditors. The contention that the debtor has only one creditor, namely, the mortgagee (Title Guarantee & Trust Company) is scarcely consistent with the showing made concerning the promulgation of the plan proposed by the certificate holders, upon which the Superintendent initiated the proceeding in the state court. In substance, the certificate holders are the creditors, and no good purpose would be served by closing one's eyes to that obvious fact.

The Insurance Law of the State of New York (Consol. Laws c. 28, § 437) points the way which the debtor must follow in the first instance to procure that list. Application should be made to the Superintendent, stating that the purpose is to enable the debtor to comply with requirement of section 77B of filing a list of creditors in this court.

It is not to be anticipated that the request will be denied.

So that there may be no delay, the order to be entered herein must provide for the making of such application to the Superintendent within five days from the date thereof, and the filing of a plan within ten days from the same date.

The motion is granted to the extent that a temporary stay will be allowed, pending the filing of a plan by the debtor and a hearing thereon upon notice to the certificate holders and other creditors, if any; it will be denied as to the remaining relief sought, with leave to renew if the list of names and addresses of certificate holders is not rendered available for the purposes above stated.

Settle order on two days' notice.