**In re CHICAGO & N. W. RY. CO.**

**MEGAN v. CONTINENTAL ILLINOIS NAT. BANK & TRUST CO. OF CHICAGO.**

No. 5982.

Circuit Court of Appeals, Seventh Circuit.

Oct. 29, 1936.

Charles P. Megan, of Chicago, Ill., pro se.

Carl. Meyer, Frederic Burnham, and Herbert A. Friedlich, all of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

The order from which this appeal is prosecuted was entered in a reorganization proceeding brought by debtor, Chicago and Northwestern Railway Company, pursuant to the provisions of section 77 of the Bankruptcy Act (11 U.S.C.A. § 205 note).

It appears that appellant sought, in a summary proceeding in said bankruptcy matter, to compel appellee to restore to debtor's checking account the sum of $505,-138.89, which on the day before the institution of the proceedings was transferred by the bank to itself to satisfy the debtor's undefaulted $500,000 note held by said bank.[1] Appellee disputed the jurisdiction of the court.

The sole question before us concerns the right of appellant to litigate the question he raises in a *summary* proceeding.

Trustee's contention is that section 77 broadened the bankruptcy court's powers so as to enable it, in the instant summary proceeding, to determine the asserted right of the bank to thus seize a debtor's deposit to satisfy a claim by it held. He also argues that the deposit in question was of such a special character that it was not subject to the otherwise conceded rule which recognizes the right of a bank under proper circumstances to take customers' deposits to satisfy obligations[2] evidenced by notes running to it. The money in the bank, so appellant asserts, represented the deposits of revenue, by local agents of the railroad, and it had been and was being used to meet payrolls, purchase supplies used in road operation, and to pay other

---

[1] On June 27, 1935, the Board of Directors of the railroad adopted a resolution declaring the inability of the company to meet a substantial amount of its debts as they matured. This action of the board was made public, and the bank exercised its alleged right of set-off on that date. The next day, June 28, the petition under section 77 was filed.

[2] The note for which the set-off was made provided:

"On the non-performance of any of the promises or agreements herein, or in any of said Notes contained, or on the appointment of a receiver of the Company or its properties, or the filing of a petition by or against the Company under section 77 of the Bankruptcy Act of the United States, or of any bill to foreclose any mortgage of the Company, or on the non-payment of any of the indebtedness or liabilities aforesaid, the Notes shall become due forthwith at the option of Kuhn, Loeb & Co., but without demand or notice; or on the insolvency, general assignment, or appointment of a receiver of the Company, or its properties, the Notes shall become due forthwith and ipso facto without demand or notice."

operating expenses. He insists that inasmuch as the continuance of the operation of a railroad is of vital public concern, it is imperative that this particular fund be free from a bank's right to set it off against an existing indebtedness.

The bank's position is that its action in setting off debtor's deposit against debtor's unmatured note was lawful; that its asserted right to said fund presents an adverse claim adjudgeable only in a plenary suit brought to determine the validity of its action.

The facts upon which appellant relies to take his case out of the general rule governing the right to apply bank deposits to satisfy debts of the depositor to the bank, increase the necessity of determining the issues in a plenary suit rather than in a summary proceeding. In other words, there are fact issues which affect the legal questions.

While not satisfied that difference of opinion between individuals learned in the law, although honestly entertained, in all cases makes every asserted legal defense into an adverse claim, as that term is used in determining whether a court of bankruptcy may adjudge disputed rights, in a summary proceeding, we must in this case, in view of Harrison v. Chamberlin, 271 U. S. 191, 46 S.Ct. 467, 70 L.Ed. 897 and May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870 hold that appellee's interest asserted herein is adverse, and cannot, against objection, be determined in a summary proceeding.

The decree is

Affirmed.