**In re MERRITT.**

No. 27437–S.

District Court, N. D. California, S. D.
April 30, 1937.

J. Leroy Johnson, of Stockton, Cal., and John H. Machado, of San Jose, Cal., for petitioner.

William P. Hubbard and James H. Hogin, both of San Francisco, Cal., for debtor.

ST. SURE, District Judge.

Petition of Ira R. Long for review of Conciliation Commissioner's order of February 17, 1937, directing said Long to deliver to Etta H. Merritt, bankrupt herein, under subsection (s) of section 75 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 203 (s), certain cattle and other personal property valued by the debtor in her schedules at upwards of $12,000, which Long claims as his own. Petitioner contends that the Conciliation Commissioner is without jurisdiction summarily to determine title to said personal property.

On March 13, 1936, this court approved the debtor's petition in proceedings under section 75 of the Bankruptcy Act (as amended, 11 U.S.C.A. § 203), and referred same to the Conciliation Commissioner. The Commissioner took all necessary steps required by subsections (a) to (r), inclusive, of section 75 (as amended, 11 U.S.C.A. § 203 (a–r), in an attempt to secure a composition and extension. Debtor's offer of composition and extension was rejected. The Commissioner filed a final report stating "that this case is finally and completely closed and disposed of so far as the provisions of said subsections (a) to (r) of section 75 are concerned."

On November 4, 1936, debtor was, at her request, adjudged a bankrupt under the provisions of subsection (s) of section 75 (as amended, 11 U.S.C.A. § 203 (s). On November 20, 1936, bankrupt filed with the Conciliation Commissioner a petition for an order directing Long and others to deliver said personal property to the bankrupt, and on the same day the Commissioner made an order directing Long and others to "deliver possession of all of said property" to Etta H. Merritt, or show cause before him

on December 11, 1936, why they had not done so. After service upon him of a copy of said petition and said order to show cause, Long filed with the Commissioner notice of special appearance, moved for dismissal upon the ground of lack of jurisdiction, asserted ownership and possession of the property in himself, and contended that as an adverse claimant he is entitled to a plenary suit.

The Commissioner failed to present a summary of the evidence in his certificate on review, overlooking the requirements of General Order 27, 11 U.S.C.A. following section 53. However, as the facts necessary to a decision are undisputed, it will not be necessary to return the certificate with instructions to complete it.

The Commissioner undertook to determine summarily the title to said property upon evidence adduced in the proceedings for "composition and extension." He held hearings and took testimony upon debtor's offer of terms of composition and extension. No issue of law or fact had been formed for the adjudication of any rights of property. In re Steuer (D.C.) 104 F. 976, 979; In re Goldstein et al. (C.C.A.) 216 F. 887. The Commissioner bases the order which is assailed upon findings of fact and conclusions of law which he says are supported by the evidence taken in the hearings before him on composition and extension.

Based upon such informal proceedings, the Commissioner concludes that the debtor "was and now is the owner and entitled to the possession of all the dairy cattle and other personal property listed in the schedules filed herein by said petitioner"; that said "Long has held, and now holds possession of said cattle and other personal property solely as the trustee, agent, and bailee of said petitioner; and does not have title nor right to possession thereof otherwise"; that said "Long injected the question of title to said cattle into this proceeding, consented to have the same determined herein, and waived any right to have it determined by another court; and that the Conciliation Commissioner has, under such circumstances, the jurisdiction and power to determine such question."

Even if it could be successfully maintained that the Commissioner has the power, under subsection (n) of section 75 (as amended, 11 U.S.C.A. § 203 (n), in a proceeding for composition and extension, to determine the title to property upon the request and with the consent of a party claim-

ing to own it, the admitted facts here show that legal title and possession of the property had passed from the debtor before bankruptcy, and that therefore she had no equity or right therein which the court had jurisdiction to administer.

As we have seen, after the proceedings in composition and extension had been "finally and completely closed and disposed of," debtor was, on November 4, 1936, adjudicated a bankrupt under subsection (s) of section 75 (as amended, 11 U.S.C.A. § 203 (s). The record shows that on November 20, 1936, the debtor filed with the Commissioner a "Petition for Order Directing Delivery of Possession of Property to Debtor." In this petition it is alleged by debtor that she was adjudged a bankrupt within the true intent and meaning of subsection (s) of section 75 of the Bankruptcy Act; that she is the owner and entitled to the immediate and undisputed possession of said personal property; that certain persons, among them said Long, are in possession of said property and are withholding and refusing to deliver the possession of same to petitioner. A prayer follows for delivery of said property in accordance with the terms and conditions set forth in subsection (s) of section 75. Upon the filing of this petition the Commissioner made an order that said Long and others "forthwith upon service of a copy of said petition and this order, deliver possession of all of said property designated therein to Etta H. Merritt, petitioner herein, or else show cause before this court * * * why they have not complied with said order." When said Long was served with a copy of said petition and order, he made timely objection to the court's jurisdiction, moving a dismissal of the order to show cause and petition, for the reason that the court "has no jurisdiction to hear the subject matter of the petition for said petition was and is not a plenary suit." Thereafter an answer was filed by said Long in which he again objected to the jurisdiction to try the title to said property, and in the event that such objection be overruled, denied the allegations of the petition and claimed title and exclusive possession in himself. Here we have proceedings regularly taken to try title to the property in question, with timely objection made to the jurisdiction. As heretofore stated, while the Commissioner has failed to supply the court with a summary of the evidence, it is shown by the record that prior to bankruptcy proceedings,

114

the title to said property was foreclosed in an action in the state court in which the First National Bank of Oakland was plaintiff and the bankrupt was defendant; that the bank obtained judgment and the property was sold at execution sale by the sheriff to the bank; that thereafter the bank sold said property to Long; that the debtor and her husband, also prior to bankruptcy, gave Long a bill of sale to said property; that prior to bankruptcy said Long, under such transfers, was in the physical possession of the property. It is true the debtor claims that Long obtained transfer of title and possession through misrepresentations, but the facts show that he holds the property adversely. His claim is substantial, and not merely colorable, and its merits can only be adjudged in a plenary suit. See Harrison v. Chamberlin, 271 U.S. 191, 195, 46 S.Ct. 467, 70 L.Ed. 897.

The objections to the Conciliation Commissioner's order of February 17, 1937, must be sustained upon jurisdictional grounds, and the order will be set aside and vacated.