**In re CALIFORNIA PAVING CO.**

No. 36778–H.

United States District Court
N. D. California, S. D.

Feb. 13, 1951.

M. Mitchell Bourquin and John E. Lynch of San Francisco, Cal., for petitioners L. C. Smith and Hilltop Quarry, Inc.

Shapro & Rothschild, Arthur P. Shapro and August B. Rothschild, of San Francisco, Cal., for respondent debtor.

ROCHE, Chief Judge.

This is a review of an order of the Referee in Bankruptcy requiring the petitioners L. C. Smith and Hilltop Quarry, Inc. to surrender to California Paving Co., debtor in arrangement proceedings, certain quarry leasehold interests and to render to the debtor an accounting. Petitioners assert that the Referee was without jurisdiction to hear the matter summarily, over their objection, and that, had his exercise of summary jurisdiction been proper, the order is not supported by the evidence. Thus this Court must decide the jurisdictional question before considering the other grounds set forth in the petition for review. In reaching such decision the sequence of events, as disclosed by the record, is important.

On May 8, 1947, the debtor California Paving Co., a partnership composed of William D. Smith and Angelo Bragato, filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S. C.A. § 701 et seq., together with its Proposed Plan of Arrangement and schedule of assets. This plan was duly confirmed, the Referee's Order of Confirmation providing that the debtor should remain in possession and that the Bankruptcy Court should retain jurisdiction until the plan had been consummated.

On August 28, 1947, some three months after confirmation of the debtor's plan but before its consummation, the quarry property lease which is the subject of the Referee's order was entered into. This was a written ten-year lease on which William H. Torpey et al. appeared as lessors and petitioner L. C. Smith appeared as lessee.

On October 28, 1948, more than a year later, the debtor California Paving Co. filed its petition alleging that William D. Smith, a member of the debtor partnership, had negotiated this lease with the Torpeys for the benefit of the debtor and that Smith's brother, petitioner L. C. Smith, had orally agreed to hold record title as lessee in trust for the debtor. The petition further alleged that L. C. Smith and Hilltop Quarry, Inc. had refused to surrender the property and the prayer was for an order for surrender and an accounting. An order to show cause issued and objections to summary jurisdiction having been overruled, the Referee proceeded to hear the controversy on the merits. He found, on conflicting evidence, that the alleged trust relationship existed and entered the order that is the subject of this review.

Since the fundamental issue in this case is whether the exercise of summary jurisdiction was proper, it is necessary to consider the elements upon which such summary jurisdiction is founded. The law is well settled that in ordinary bankruptcy proceedings all property in the actual or constructive possession of the bankrupt when the petition is filed vests in the trustee and becomes subject to the exclusive jurisdiction of the bankruptcy court, which has the power to adjudicate summarily rights and claims to such property. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876. If a third person asserts a claim adverse to the bankrupt estate in property that is not in the bankruptcy court's possession, the court has both the power and the duty to examine such claim to determine whether it is substantial and bona fide. If it is, the claimant has the right to have the merits of his claim passed on in a plenary suit and the bankruptcy court cannot retain jurisdiction unless the claimant consents or unless he waives his right to plenary action by his failure to make timely objection to the jurisdiction of the bankruptcy court. Cline v. Kaplan, 323 U.S. 97, 99, 65 S.Ct. 155, 89 L.Ed. 97.

Although we are here concerned with an original debtor's proceeding under Chapter XI, 11 U.S.C.A. § 722, the foregoing principles are applicable by virtue of the provisions of 11 U.S.C.A. § 752, wherein the Bankruptcy Act provides: "Where not inconsistent with the provisions of this chapter, the rights, duties, and liabilities of creditors and of all other persons with respect to the property of the debtor shall be the same * * * where a petition is filed under section 722 of this title, as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered at the time the petition under this chapter was filed."

The record discloses that following the execution of the Torpey lease the debtor worked the quarry with its equipment, kept the books and billed the customers. Had this situation existed on May 8, 1947, when the debtor filed its petition, the bankruptcy court might well have had summary jurisdiction to determine the adverse claim of petitioners herein. Or had the debtor's arrangement plan included the quarry lease to be executed in the future, there would be no jurisdictional question. Miller v. Woolley, 9 Cir., 141 F.2d 837. Neither was the case, however, The Torpey lease was not in existence when debtor's petition was filed. Indeed, at that time negotiations for the lease had not begun. None of the cases cited by the Referee to sustain his jurisdiction involve a comparable situation. In

each it appears clearly that the debtor had possession of the property or claimed title at the time the petition was filed. This is the test. As stated by the Supreme Court in Thompson v. Magnolia Petroleum Co., supra, "Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy." [309 U.S. 478, 60 S.Ct. 630.] This rule has been applied in arrangement proceedings. See Lockhart v. Garden City Bank & Trust Co., 2 Cir., 116 F.2d 658.

 The situation is not changed by the provision in the debtor's arrangement plan for the continuing jurisdiction of the bankruptcy court over the debtor and its estate and effects. Nor is it changed by the fact that the debtor was continued in possession and thus had all the title and exercised all the powers of a trustee, 11 U.S.C.A. § 742. When, as such debtor in possession, it asserted its claim to the Torpey lease, it was claiming property not in the possession of the bankruptcy court. Unless petitioner L. C. Smith's adverse claim was merely colorable, he had the right to have the controversy determined by plenary suit. Cline v. Kaplan, supra. A claim is "not to be held merely colorable unless the preliminary inquiry shows that it is so unsubstantial and obviously insufficient, either in fact or law, as to be plainly without color of merit, and a mere pretense." Harrison, Trustee v. Chamberlin, 271 U.S. 191, 195, 46 S.Ct. 467, 469, 70 L.Ed. 897. Here petitioner L. C. Smith's adverse claim was supported by a lease on which he appeared as the sole lessee. Whether he held such legal title as trustee under an enforceable oral trust, as the debtor in possession alleged, was a question involving disputed facts as to which there was a conflict of evidence as well as a controversy in matter of law. Since the validity of petitioner's claim depended upon the determination of such disputed facts, it was "therefore substantial, and not merely colorable; and its merits

could only be adjudged in a plenary suit." Harrison, Trustee v. Chamberlin, supra.

In view of the foregoing the Court concludes that the exercise of summary jurisdiction was improper and it is, therefore, by the Court

Ordered that the Referee's Order made on June 9, 1950, be and the same hereby is Reversed.