**In re SUPERIOR CUTTER CO., Inc.**
No. 59819.

United States District Court
S. D. California, Central Division.

June 23, 1954.

Craig, Weller & Laugharn, Los Angeles, Cal., for trustee.

William J. Tiernan, Los Angeles, Cal., for petitioner on review.

Hugh L. Dickson, Los Angeles, Cal., referee in bankruptcy.

BYRNE, District Judge.

Gene May was a director and vice president of the bankrupt, Superior Cutter Co., Inc., a corporation. Being indebted to May for loans advanced, the corporation on September 14, 1953, gave him a promissory note in the amount of $6900 secured by an assignment of accounts receivable. The notice of assignment of the accounts receivable was recorded in the Los Angeles County Recorder's office.

On November 16, 1953, the corporation gave May a second promissory note, secured by a chattel mortgage on a lathe and grinder, "in cancellation of the note dated September 14 and in lieu of the agreement of September 14". The chat-

586

tel mortgage was never recorded. In January, 1954, the corporation delivered the possession of the lathe and grinder to May in consideration of the cancellation of the note.

On February 16, 1954, the corporation filed a voluntary petition in bankruptcy and on the same date the orders of adjudication and of general reference were filed. A petition for turn over order on the lathe and grinder was filed by the trustee on March 19, 1954, and the referee issued an order to show cause which was set for hearing on March 30, 1954.

May made a motion to dismiss the petition for turn over order on the grounds that it was not a proper case for summary jurisdiction in that it appeared affirmatively on the face of the petition that the adverse claimant had both possession of the property and title thereto prior to bankruptcy. The referee denied the motion to dismiss and ordered May to turn the lathe and grinder over to the trustee. This petition for review followed.

█ It is the general rule that persons in possession of property in which they claim an interest adverse to the bankruptcy estate cannot be deprived of possession in a summary proceeding. Resort must be had to a plenary suit such as would be required in the absence of bankruptcy. Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Remington on Bankruptcy, Vol. 5, § 2134. The exception to this general rule is where the adverse claim is not asserted in good faith and is merely colorable.

The referee apparently relied on the case of Sampsell v. Imperial Paper & Color Corp., 313 U.S. 215, 61 S.Ct. 904, 907, 85 L.Ed. 1293, and stated, "I am satisfied that the Supreme Court case in the matter of Imperial Paint and Paper Company is absolutely controlling here." In the Sampsell case, one Downey transferred property to a corporation, entire ownership of which was in the hands of Downey, his wife and son. Later Downey went into bankruptcy and the corporate assets were brought into his estate

on summary order. There was no appeal from that order. The question involved on the appeal was whether a creditor of the corporation had a claim to the assets of the corporation prior to the claims of Downey's individual creditors. With reference to the appropriateness of summary proceedings, the court said: "Mere legal paraphernalia will not suffice to transform into a substantial adverse claimant a corporation whose affairs are so closely assimilated to the affairs of the dominant stockholder that in substance it is little more than his corporate pocket." Referring to the general rule that an adverse claimant may insist upon a plenary suit, Mr. Justice Douglas said: "Whatever the full reach of that rule may be, it is clear that a family corporation's adverse claim is merely colorable where, as in this case, the corporation is formed in order to continue the bankrupt's business, where the bankrupt remains in control, and where the effect of the transfer is to hinder, delay or defraud his creditors."

In the instant case there is no question of alter ego. There was no family or other corporation formed in order to carry on May's business. There is no evidence that May controlled the bankrupt corporation. It is not even shown that he owned *any* stock in it.

Cooper v. Dasher, 290 U.S. 106, 54 S. Ct. 6, 78 L.Ed. 203, cited by respondent, is not in point. There the president of the bankrupt corporation had withdrawn and *concealed the bulk of its merchandise during the night following the filing of the petition in bankruptcy.* Under these circumstances there was no question of the propriety of summary jurisdiction. The only question in the case was whether the turn over order was invalid for indefiniteness.

█ If May was granted a preference as defined in § 60, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 96, the trustee may avoid it if May, at the time the transfer was made, had reasonable cause to believe that the debtor was insolvent, § 60, sub. b. Whether the corporation was insolvent, and if so whether May

had reasonable cause to believe it insolvent, are questions of fact which May is entitled to have resolved in a plenary suit.

Counsel for petitioner will prepare and submit a formal order for signature in accordance with local Rule 7.