In the Matter of PERRIS CATTLE COMPANY, Inc., Bankrupt.

No. 149511.

United States District Court
S. D. California,
Central Division.
June 24, 1963.

Oliver M. Charleville, Referee, Edgar C. Keller, and Jack D. Holt, San Bernardino, Cal. for Trustee, Thomas R. Thyret, respondent on review.

William E. Coombs, Rialto, Cal. for petitioner on review, Chino Valley Hay Co.

BYRNE, District Judge.

The bankrupt, Perris Cattle Company, Inc., filed its voluntary petition in bankruptcy on December 26, 1962, and was duly adjudicated a bankrupt. On February 6, 1963, the trustee in bankruptcy filed a petition for an order to show cause why there should not be turned over to the trustee 140 tons of hay or the proceeds thereof in the possession of the Chino Valley Hay Company ("Chino Hay Co."). On February 6, 1963, the Referee issued the order to show cause requested.

In the answer to the trustee's petition for turnover, Chino Hay Co. denied that the hay was an asset of the bankrupt's estate and denied that it was *wrongfully* taken. In an affirmative defense, it was stated that the hay which had been previously sold to the Perris Cattle Co. was by an oral agreement returned to the Chino Hay Co. for credit; and thereafter the bankrupt retained possession for a time as a bailee only, since Chino Hay Co. was then the owner of the hay; that on December 20, 1962, with the permission of an officer of the Perris Cattle Co., the Chino Hay Co., through its agents, took possession of the hay and removed it from the bankrupt's premises. In another affirmative defense it was stated that the Chino Valley Hay Co. had a bona fide claim to the ownership of the hay which

is adverse to the claim of the trustee, and that by reason of this claim the Bankruptcy Court, *i. e.*, the Referee, had no summary jurisdiction to determine the claim of Chino Hay Co. without its consent.

The Referee, after the taking of testimony, found that the Chino Hay Co. had sold and delivered hay to the bankrupt over a period of time prior to August 1, 1962; that the sale was on open account and not on conditional sale nor on consignment; that the hay remained the personal property of the bankrupt and the bankrupt's estate at all times thereafter; that on December 20, 1962, the Chino Hay Co. took from the possession of the bankrupt 136 tons of hay, and subsequently the Chino Hay Co. sold the hay so taken. The Referee found that the claim of the Chino Hay Co. to a right to possession of the 136 tons of hay was not a bona fide claim, was not substantial, was not more than a merely colorable claim and that the court had summary jurisdiction over the proceedings, over the parties, and over the property. The Referee then ordered, on April 5, 1963, that the Chino Hay Co. turn over to the trustee the sum of $4,896.00, which represents the proceeds of the sale of the hay.

The basic statute which governs jurisdiction of controversies between trustees and adverse claimants is Section 23 of the Bankruptcy Act, 11 U.S.C.A. § 46 [1].

■ It is well settled that a court of bankruptcy is without jurisdiction to adjudicate in a summary proceeding a controversy in reference to property held adversely to the bankrupt estate, without the consent of the adverse claimant; but resort must be had by the trustee to a plenary suit. See Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897 (1926).

However, the court is not ousted of its jurisdiction by the mere assertion of an adverse claim; but, having the power in the first instance to determine whether it had jurisdiction to proceed, the court may enter upon a preliminary inquiry to determine whether the adverse claim is real and substantial or merely colorable. And if found to be merely colorable the court may then proceed to adjudicate the merits summarily; but if found to be real and substantial it must decline to determine the merits and dismiss the summary proceeding. See Harrison v. Chamberlin, (supra).

If there is assertion of an adverse claim which is merely colorable, then the bankruptcy court has summary jurisdiction to adjudicate the claim without regard to matters which may be required in other types of actions to sustain federal jurisdiction. In such instances, the bankruptcy court would have jurisdiction merely by virtue of its being a bankruptcy court which has jurisdiction over all of the property of the bankrupt. If, on the other hand, there is a substantial and real adverse claim to property, 11 U.S.C.A. § 46, comes into operation.

In the instant proceeding, upon the petition by trustee for the order to show cause and turnover order, the trustee has consistently taken the position and now maintains that there was *no* transfer at all to the Chino Hay Co. Consequently, the action seeking the turnover order is not within any of the exceptions set forth in Section 46 of 11 U.S.C.A.

The only basis to sustain the Referee's exercise of summary jurisdiction to adjudicate the claim to the hay would be a

1. "(a) The United States district courts shall have jurisdiction of all controversies at law and in equity, as distinguished from proceedings under this title, between receivers and trustees as such and adverse claimants, concerning the property acquired or claimed by the receivers or trustees, in the same manner and to the same extent as though such proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.

"(b) Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107, and 110 of this title."

finding that the asserted adverse claim to the hay is not a real and substantial adverse claim, but is merely colorable. If the Chino Hay Co. had a real and substantial claim to the hay, then the Referee did not have summary jurisdiction to adjudicate the claim, and the turnover order must be reversed.

In Harrison v. Chamberlin (supra), it was said by the Supreme Court:

"Without entering upon a discussion of various cases in the Circuit Courts of Appeals in which divergent views have been expressed as to the test to be applied in determining whether an adverse claim is substantial or merely colorable, we are of opinion that it is to be deemed of a substantial character when the claimant's contention 'discloses a contested matter of right, involving some fair doubt and reasonable room for controversy,' * * * in matters either of fact or law; and is not to be held merely colorable unless the preliminary inquiry shows that it is so unsubstantial and obviously insufficient, either in fact or law, as to be plainly without color of merit, and a mere pretense."

■ Whether an asserted adverse claim is a real and substantial adverse claim or is merely colorable has generally been regarded by the cases as a question of fact. See Shaw v. Thompson, 184 F.2d 572, 573 (5th Cir. 1950). See also Kelso v. Maclaren, 122 F.2d 867 (8th Cir. 1941), where the court said: "When the appellants challenged the summary jurisdiction of the court, the court had power to enter upon a preliminary inquiry to determine (1) whether the adverse claims are real and substantial or merely colorable * * *, and (2) * * * Unless these essential facts are found to exist a court of bankruptcy is without jurisdiction to adjudicate in a summary proceeding a controversy in reference to property held adversely to the bankrupt estate, but resort must be had to a plenary suit." See also 5A Remington on Bankruptcy, Sec. 2447 (1953).

■ The district judge, on review of the referee's decision, is required to accept the referee's findings of fact unless they are clearly erroneous. General Order 47, foll. 11 U.S.C.A. § 53.

■ Actual possession of property, at the time of the filing of the bankruptcy petition, is a sine qua non for one claiming the right to retain it as an adverse claimant whose rights cannot be adjudicated except in a plenary suit. Or in other words, it is only where the bankrupt does not have possession of the property at the time of filing the petition in bankruptcy that the question whether an adverse claim is colorable arises.

Since the bankruptcy petition of Perris Cattle Co. was filed on December 26, 1962, and the Referee found that on December 20, 1962, the Chino Hay Co. took from the possession of the bankrupt 136 tons of hay, it is certain that the Chino Hay Co. had possession of the hay or proceeds therefrom at the time that the bankrupt filed its bankruptcy petition.

■ As a general proposition, persons who are in possession of property, at the time of filing of the bankruptcy petition, by virtue of sale or other transfer to them by the bankrupt, and insist upon the validity and effectiveness of the transfer notwithstanding the bankruptcy, are among the clearest types of adverse claimants, entitled as such to retain the property unless subjected to adverse adjudication in a plenary suit, and not subject to being summarily required to surrender it. 5 Remington on Bankruptcy, Sec. 2164 (5th ed. 1953).

The Chino Hay Co. alleged in its answer that the hay was by an oral agreement returned to the Chino Hay Co. for credit, and thereafter the bankrupt held possession of the hay as a bailee only.

The testimony of Frazier, who was president of the bankrupt at the time of this alleged agreement, clearly supports the allegation that the hay was returned under an oral agreement. The testimony of Andrews, secretary-treasurer of the bankrupt, shows that he contended that

the Perris Cattle Co. owned the hay after this alleged oral agreement. The testimony of Wolfinbarger, an official of the Chino Hay Co., is to the effect that he regarded the hay as Chino Hay Co.'s, following this alleged agreement. There is no testimony to the effect that there was no oral agreement as was testified to by Frazier and Wolfinbarger.

Although both Frazier and Wolfinbarger testified that the Perris Cattle Co. was to continue to feed off this hay following the agreement, Frazier made it clear that he regarded the Chino Hay Co. as the owner of the hay after this agreement, and he made his view on this matter known to Andrews, and even Andrews stated that when he and Frazier went to see the attorney who filed the bankruptcy petition, Frazier said that Perris Cattle Co. did not own the hay, because it had not paid for it. Both Frazier and Wolfinbarger in describing their conversation of August 3, 1962, say that there was an agreement by Wolfinbarger to take the hay back.

Frazier was the president of the bankrupt, and his testimony is not incredible on its face, nor is it inherently improbable. Since Frazier's testimony is not inherently improbable, and since by itself it makes out a *prima facie* case of the validity of the asserted adverse claim, the adverse claim must be regarded as real and substantial and not merely colorable. It is apparent that the Referee did not believe Frazier, but since there is conflicting substantial evidence to weigh, the asserted adverse claim is real and substantial, and not merely colorable.

The Referee made a clearly erroneous finding in finding that the claim of Chino Hay Co. was not a bona fide claim, was not and is not substantial, and was not and is not more than a merely colorable claim. The asserted adverse claim of Chino Valley Hay Co. is a real and substantial adverse claim, asserted in good faith, and is not merely colorable. Therefore, the Referee did not have summary jurisdiction to adjudicate the claim.

The Referee's turnover order is reversed, with instructions to dismiss the summary proceeding without prejudice to the institution of a plenary action by the trustee in a court of proper jurisdiction.

Counsel for the respondent is directed to prepare, serve and lodge a formal order pursuant to Rule 7 of the rules of this court, West's Ann.Code.