In re C.I.H., INC., f/k/a Hurok Concerts, Inc., Debtor.

Frederick J. CUCCIA, Trustee in Bankruptcy of C.I.H., Inc., f/k/a Hurok Concerts, Inc., et al., Plaintiffs,

v.

I.C.M. ARTISTS LTD.; Sheldon Gold; Marine Midland Bank: American Management Corporation; Goldman, Del Rossi & Co., Inc.; Maynard Goldman and Paul Del Rossi, Defendants.

Bankruptcy No. 78 B 1827.

United States Bankruptcy Court, S.D. New York.

April 4, 1983.

Shea & Gould, New York City, for Marine Midland Bank.

Wisehart & Koch, New York City, for trustee.

Lunney & Crocco, New York City, for Maynard Goldman, et al.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for ICM Artists Ltd. and Sheldon Gold.

## DECISION ON DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

EDWARD J. RYAN, Bankruptcy Judge.

On July 29, 1977 C.I.H., Inc., f/k/a Hurok Concerts Inc. ("Hurok") filed a voluntary petition in bankruptcy pursuant to the provisions of the Bankruptcy Act of 1898 (the "Act") in Boston, Massachusetts. Thereafter, on March 9, 1978 the Bankruptcy Court there transferred the case to the Southern District of New York. This transfer order was affirmed by the United States District Court for the District of Massachusetts on June 30, 1978.

On December 19, 1980, Frederick Cuccia, the plaintiff herein (the "Trustee"), was appointed Trustee of Hurok. On December 22, 1982 the Trustee commenced the instant adversary proceeding against (i) Marine Midland Bank ("Marine"), a secured creditor of Hurok; (ii) Maynard Goldman and Paul Del Rossi, alleged to be at all relevant times officers and directors of Hurok, and officers, directors and stockholders of both American Management Corporation, and Goldman, Del Rossi & Co., Inc., also defendants herein; (iii) Sheldon Gold, an alleged former officer of Hurok, and (iv) I.C.M. Artists Ltd.

The complaint alleges a course of conduct whereby a General Loan and Security Agreement was executed by Hurok in favor of Marine, that certain defendants guaranteed the loan, and that the manner of payment of said indebtedness amounted to a preferential transfer and a fraudulent conveyance. The Trustee seeks to nullify such

transfers, invalidate liens, disallow or subordinate claims, and to impose a constructive trust on the transferred property. The Trustee also seeks the imposition of punitive damages. On February 7, 1983 all of the defendants moved to dismiss the Trustee's complaint pursuant to Bankruptcy Rules of Procedure, Rules 712 and 915(a) and Federal Rules of Civil Procedure, Rule 12(b).

■ Under the Act a bankruptcy court has jurisdiction to adjudicate rights and claims to property which are in the actual or constructive possession of the court (summary jurisdiction). *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 481, 60 S.Ct. 628, 629, 84 L.Ed. 876 (1944). Actual possession requires that the Trustee or judicial representative have physical possession of the property in question. Clearly, there is no actual possession here.

■ Property is in the constructive possession of the court where the property is: (1) in the physical possession of the bankrupt at the time of the filing of the petition, but is not delivered to the trustee or receiver; (2) delivered to the trustee or receiver, but is thereafter wrongfully removed; (3) in the hands of the bankrupt's agent; (4) held by another who makes no claim to it, or (5) held by a third party whose claim is not substantial, and is only colorable. *In re Alliance Beverage Co., Inc.,* 420 F.Supp. 437, 440 (N.D.Ind.1976). Here, the property was not in the bankrupt's possession when the petition was filed. The property is held by a third party who claims ownership thereof and who has not consented to this court's jurisdiction. Therefore, for this controversy to be within this court's summary jurisdiction, Marine's claim to the property must be insubstantial or merely colorable.

■ This court clearly has sufficient jurisdiction to inquire into a claim to determine if summary jurisdiction is appropriate. *Harrison v. Chamberlin,* 271 U.S. 191, 194,

46 S.Ct. 467, 468, 70 L.Ed. 897 (1926). The court is not ousted of its summary jurisdiction by the mere assertion of an adverse claim, but must decline to adjudicate the merits of the controversy if the adverse claim is real and substantial. *Id.*

■ Marine's claim to the property in question is real and substantial as it has possession pursuant to a general loan and security agreement. The fact that Marine's claim may be fraudulent and voidable does not render it insubstantial. *Id.*

■ The Trustee's complaint alleges transactions which are voidable under § 60 of the Act, 11 U.S.C. § 96 (1976) (repealed) (preferences) and § 70 of the Act, 11 U.S.C. § 110 (1976) (repealed) (fraudulent conveyances). Both of the above provisions provide that for the purpose of any recovery or avoidance, "Where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction." The Trustee asserts that this court is such a "court of bankruptcy" and, therefore, has jurisdiction over this matter.[1]

The Trustee's reliance on the above language is misplaced. The "court of bankruptcy" is the district court such that the trustee may commence a plenary action in Federal district court without regard to diversity of citizenship or amount in controversy. *See, Weidhorn v. Levy,* 253 U.S. 268, 40 S.Ct. 534, 64 L.Ed. 898 (1920). *See, also, In re Isis Foods, Inc.,* 26 B.R. 122, 123 (Bkrtcy.W.D.Mo.1983) (under § 60 of the Act plenary actions to recover preferences could not be brought in the bankruptcy court).

Because the district court has jurisdiction over this controversy as a "court of bankruptcy," 11 U.S.C. §§ 96, 110 (1976) (repealed), this case is hereby transferred to the United States District Court for the

---

**1.** The Trustee also asserts that this court has jurisdiction pursuant to Emergency Rule I. However, pursuant to subsection (h), the emergency rule does not apply to cases arising under the Bankruptcy Act of 1898.

Southern District of New York pursuant to Bankruptcy Rule 915(b).

It is so ordered.[2]

---

**2.** Such transfer renders it unnecessary for this court to decide Defendant's motion to dismiss because the complaint is verbose, confusing and conclusory, and therefore inconsistent with Federal Rules of Civil Procedure, Rule 8.