### In re DISPLAY STAGE LIGHTING CO., Inc.

District Court, S. D. New York.
Jan. 8, 1932.

I. Arnold Ross, of New York City, for Irving Trust Company, trustee.

Harry Malter, of New York City, for Benjamin J. Greenfield, respondent, appearing specially.

PATTERSON, District Judge.

The trustee in bankruptcy obtained from a referee an order upon one Greenfield to show cause why it should not be permitted to sell certain personal property alleged to be a part of the bankrupt estate. Greenfield appeared specially, claimed title and possession of the property, and disputed the jurisdiction of the referee. After taking testimony the referee overruled Greenfield's objections, held that the trustee had both title and possession, and ordered the property sold in the bankruptcy proceedings. The propriety of this order is the sole question.

Greenfield's claim to the property rests upon an alleged purchase of it at an execution sale. It appears that on September 14, 1931, one Meyers recovered judgment against the bankrupt in the sum of $1,519.82, and that execution was delivered to a city marshal who made a levy on September 18th and gave notice of sale for September 28th. On the morning of the 28th, the marshal and an auctioneer appeared at the bankrupt's premises to conduct the sale. A crowd of persons interested in the sale also attended, Greenfield among them. They were then told by two officers of the bankrupt that no sale could be held as a petition in bankruptcy had been filed the preceding Saturday. No petition had in fact been filed, although arrangements had been made to file it and the bankrupt's officers supposed that it had been filed. Greenfield claims not to have heard the announcement as to the bankruptcy petition. I am not disposed to believe him as to this phase

of the matter, but in the view I take of the case the point is of no consequence. Upon ascertaining by telephone that no such petition had yet been filed, the marshal and the auctioneer proceeded with the sale. It is undisputed that the sale was completed by 10 a. m. Greenfield was the successful bidder for the entire property. He paid the purchase price, $1,045, and received a bill of sale from the marshal. At 10:46 a. m., the petition in bankruptcy was filed.

Later in the day a receiver in bankruptcy was appointed. When its representative went to the bankrupt's premises in the afternoon, Greenfield was found in possession, with the keys in his pocket. He declined to surrender his control. After some discussion, he turned the place over to the receiver under a written agreement signed by him and the receiver's representative. The agreement recited that both parties claimed to be entitled to the contents of the premises and provided that the receiver might take actual custody until its right to possession might be determined by a court of competent jurisdiction. It then provided: "It is distinctly understood and agreed that the foregoing shall not be deemed in any way to prejudice the rights of either said receiver or said Greenfield, and that upon any trial, hearing, or judicial proceedings regarding the foregoing property, the same shall be determined as though Greenfield had remained in absolute possession of said property at all times since said Marshall's Sale."

The property has been in the actual charge of the receiver or trustee ever since.

■■ Upon these facts the referee should have denied the trustee's petition and ordered the property turned over to the purchaser at the execution sale. The controlling principle is that the power of the bankruptcy court to adjudicate questions of title, without consent of the adverse party, is confined to property of which it has possession, actual or constructive. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770. Where the property is in possession of a stranger under a claim which is adverse to the bankrupt estate but is no more than colorable, the property is deemed to be in the constructive possession of the bankruptcy court; hence jurisdiction summarily to decide matters of title and of right to possession exists in such cases. Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 I. Ed. 405; May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870. But lacking actual possession and confronted by an adverse claim which on investigation is found to be more than colorable, the bankruptcy court must decline to pass summarily upon the merits of the adverse claim where the claimant objects to the jurisdiction. Congress might have invested the court with such broad power but has not yet done so. Taubel-Scott-Kitzmiller Co. v. Fox, supra; Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897.

■ These rules, settled as they are by repeated decisions of the Supreme Court, are decisive of this case. Greenfield's claim of title is a substantial one. He bought the property at a sale on execution against the bankrupt, before any bankruptcy proceedings were pending. Even if the sale preceded the filing of the petition by a mere matter of minutes, it was on its face a valid sale. The situation would of course be entirely different if the sequence of events had been the other way. Bryan v. Bernheimer, 181 U. S. 188, 21 S. Ct. 557, 45 L. Ed. 814. But here the sale in point of time was an accomplished fact before the petition was filed. In a summary proceeding of this sort, the bankruptcy court cannot go into mere irregularities in the execution sale or into the purchaser's knowledge of such irregularities. Those elements may render Greenfield's title defective, voidable or even void; nevertheless it was a substantial adverse title. The question therefore is one of actual possession.

As to Greenfield's possession of the articles on September 28th, from the time of the sale until the making of the agreement with the receiver, there can be no doubt. The undisputed facts establish it; the agreement concedes it. It is true that the receiver obtained possession thereafter, but only by virtue of an understanding that any judicial proceedings concerning the property "shall be determined as though Greenfield had remained in absolute possession of said property at all times since said Marshall's Sale." The trustee cannot rely upon a possession so acquired, nor can it be heard to repudiate this provision of the agreement while asserting rights which were made available to it only through the agreement. This case consequently must be determined upon the facts as they existed prior to the making of the agreement. The rule that jurisdiction once acquired through possession of the property by the bankruptcy court is not lost by an unauthorized surrender of it by the receiver or other court offi-

1048

cer or by a wrongful seizure of it by an adverse claimant (Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157; Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645; In re Schermerhorn [C. C. A.] 145 F. 341) does not help the trustee.

Since Greenfield had a substantial adverse claim and since the property must be treated, for purposes of this controversy, as having been in his possession prior to the bankruptcy proceedings and at all times since, the referee had no power to adjudicate whether his title was good or bad. The order will be reversed and the trustee directed to surrender possession to Greenfield. I do not decide of course whether his title is valid or not.