In re VEELOCK MFG. CO., Inc.
No. 20173.

District Court, E. D. Pennsylvania.
Aug. 31, 1938.

Frank J. Bowden, of Philadelphia, Pa., for Louis E. Rieck, trustee.

James R. Wilson and Wm. F. Zinger, both of Philadelphia, Pa., for Catherine Kelley, claimant.

### DICKINSON, District Judge.

Since disposing of this case a very full and elaborate Supplemental Brief has been submitted. The only difficulty presented by the case is to determine what it is, or rather, what the question to be answered is.

The case concerns an order of the Referee. This was an order that the Trustee deliver to a claimant possession of certain property which the Trustee held as assets of the Bankruptcy Estate. The general question is, of course, the propriety of that order. This turns upon the grounds upon which it is based. To get these we must start at the beginning. We take the fact statement from the claimant of the property. The property in question consists of machinery in the plant of the now bankrupt and was taken into possession by the Receiver, afterwards Trustee, and was included in the inventory of the Bankruptcy estate. Catherine Kelley claims the machinery to be her property. Her title was acquired through a Sheriff's Sale under writs of Fieri Facias issued upon judgments against the now bankrupt. It will be noted that possession is not in the claimant. She filed with the Referee the usual reclamation petition praying that the disputed property be surrendered by the Trustee to her. The Referee made the order now under review awarding the property to the claimant, not upon the ground however that it was her property but because the Referee held that he was without the judicial power in a summary proceeding to pass upon the title asserted by the Trustee. At the hearing in the reclamation proceeding the claimant refused to offer evidence of her title. The basis of the ruling by the learned Referee, as we understand it, is, that as a Court of Bankruptcy he had no jurisdictional power in a summary proceeding to inquire into the title of the Trustee but that this could be asserted by the Trustee only in a plenary action in a State Court.

We think the learned Referee was mislead into confusing the case before him with a wholly different type of case. When property asserted by a Trustee to be part of the bankruptcy assets is in possession of another, it is the right and duty of the Trustee to demand possession. If this is refused, he must resort to some form of action or proceeding to obtain possession. If the one in possession has no claim of title, beyond a merely colorable one, the Bankruptcy Court may in a summary proceeding order the possessor to deliver possession to the Trustee. If, however, the possessor claims a title which is more than merely colorable, the Bankruptcy Court is without jurisdictional power in a summary proceeding, to pass upon it, but the Trustee must establish his title in some form of plenary suit. This much is clear and does not need the support of the authorities which the claimant cites. The title of the claimant here is much more than a colorable one and if the Trustee was seeking to oust her from possession, he must resort to a plenary action, unless one is expressly waived by her. She, however, is not in possession and is seeking to recover it by process against the Trustee. What are the rights and remedies of a claimant out of possession? He or she may invoke the summary jurisdiction of the Court. This is the ordinary reclamation proceeding. It is idle to say that the Court does not have jurisdiction

to determine the title in such proceedings. The possession of the Trustee is the possession of the Bankruptcy Court which cannot brook interference with its possession by any one else. All persons are enjoined from such interference. It may however consent to a plenary action being brought against a Receiver or Trustee in the District Court or another Court to determine the title or right to the possession. It may be that an adverse claimant would have the right to apply for such leave. The possession of a Receiver or Trustee being the possession of the Court, if this possession was obtained in a covinous or other unlawful way, it may further be that a claimant would have the right to appeal to the Court to withdraw from such wrongful possession. Any of these would be summary and would require the Court to determine the title because the Court could not direct the possession to be surrendered to any one other than one having the right thereto. It may further be that the claimant could assert her title against the vendee of the Trustee. This claimant having the right to institute a reclamation proceeding and having these other possible rights, what did she do? She filed an ordinary reclamation proceeding in which she asked the Court to determine her title. It is a contradiction in terms to submit this prayer and yet say the Court is without the jurisdictional power to consider the prayer unless it is asserted that the Court has power to determine the question in favor of the claimant but not against her. It is true that the claimant afterwards and now disclaims any intention to submit its claim of title to the arbitrament of the Court. The prayer of the reclamation petition carries no such thought. It sets forth an elaborate statement of the title of the claimant and prays for an order on the Trustee to deliver to the claimant, the property to which she claims title. It is not until we have the notes of the trial hearing that we learn of her disclaimer.

In allowing the petition for review, we are not passing upon the title of the claimant but merely holding that under this reclamation proceeding the Referee, as a Bankruptcy Court, has the judicial power to determine the question of title. The claimant may have the right to seek leave to withdraw her reclamation claim. There is no need to discuss in detail the numerous cases cited to us. They all go to the wholly different question we have indicated.

The petition for a review is allowed and the order of the Referee reversed, with directions to proceed to a determination of the cause, in accordance with this opinion.