**CITY AND COUNTY OF DENVER et al.**
**v. WARNER et al.**
**No. 3652.**

Circuit Court of Appeals
Tenth Circuit.
Aug. 6, 1948.

Charles H. Haines, of Denver, Colo. (J. Glenn Donaldson, of Denver, Colo., on the brief), for appellants.

Hyman D. Landy, of Denver, Colo. (Grant, Shafroth & Toll and Ammons & Bromley, all of Denver, Colo., on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This appeal involves the summary jurisdiction of a court of bankruptcy over personal property of the bankrupt in the possession of a third party when the bankruptcy proceedings were instituted. The precise question presented is whether the bankruptcy court may summarily take possession of the property, pending determination of its jurisdiction to adjudicate the tax claim of the third party. The question is presented on a rather complicated state of facts.

On September 24, 1947, Carothers & Clark, Inc. filed its voluntary petition in bankruptcy in the United States District Court of Colorado and on the same date was adjudged a bankrupt. Seven days previously, on September 17, the City and County of Denver took possession of certain personal property of the bankrupt under a distraint for delinquent taxes. The personal property was located in a building belonging to the bankrupt and the City and County padlocked the building and posted notice of sale. On application of the appointed receiver the Referee enjoined the sale of the property and ordered the City and County to show cause why the distraint warrant should not be released. In response to the show cause order the City and County, through its acting Manager of Revenue, alleged that the "personal property" held by it under distraint warrant, as recited in the order to show cause, was held for general taxes on the property and for taxes on "other personal property of the bankrupt"; that the property was seized on September 17 and held prior to the filing of the petition in bankruptcy. The respondents objected to the determination of the validity of their lien and the right of possession, or to trying any question execpt the question whether they were holding the property at and prior to the time of the filing of the petition in bankruptcy, and whether they had a substantial claim of right to hold the said property. They demanded that all other questions be tried in a plenary action in a court of competent jurisdiction.

After hearing on the order to show cause, and while the Referee had the matter under advisement, he entered an order dated November 6, authorizing the Trustees to forthwith enter into an agreement for the rental of the described building of the bankrupt, together with personal property contained therein. The order then recited that prior to the filing of the petition in bankruptcy and for the purpose of enforcing a lien claimed by the City and County of Denver upon "personal property" of the bankrupt, the City and County had placed a padlock upon the main entrance to the building owned by the bankrupt and placed thereon a notice of levy upon unidentified personal property within the building for taxes alleged to be due and unpaid. After referring to the restraining and show cause order and the response thereto, the order specifically stated that the question of the summary jurisdiction of the court to vacate the distraint warrant or determine the validity of the asserted lien was under advisement and had not been decided; that the trustees' possession of the building in which the attached property, and large quantities of other property not attached were located, was not in controversy, but that the trustees were deprived of any revenue from the building because the City was withholding all the property and assets of the bankrupt estate from the possession of the trustees contrary to law. The order then recited that it seemed necessary and proper that the Trustees be permitted to enter the building and administer the property of the general estate of the bankrupt without interference from the City and County, and that the City and County through its officers had refused the Trustees the right to enter the building or otherwise take possession of the properties. The Referee then ordered the trustees "restored to the possession of the property and to the whole thereof without prejudice however to the right of the City and County of Denver to litigate * * * the question of the legality of the taxes to be collected, if the legality shall at any time be questioned". The Trustees were specifically authorized to use any force necessary to enter the property and "retake possession" and the United States Marshal was designated to aid them. On the same date, and without

notice to the City and County, the Marshal executed the Referee's order by breaking the locks on the premises and forcing entry.

The City and County petitioned for review of the Referee's order, alleging that under an agreement with the bankrupt it had stored the personal property levied upon in the described building and padlocked all entrances to which only the Manager of Revenue held the key at the time of the filing of the petition in bankruptcy; that the Manager of Revenue was in possession of the building as a tenant at will and of all the personal property therein under a claim of lien for taxes. After reiterating its objections to the summary jurisdiction of the court it asked to be restored to possession of all the property as of the date of the filing of the petition in bankruptcy.

Thereafter the Referee certified to the court the following questions:

"Whether agents of a municipality claiming taxes due from a bankrupt can take possession of practically all of the personal assets of a bankrupt estate contained in a building owned by the bankrupt, within four months before bankruptcy and while the bankrupt was insolvent, and proceed to collect its tax by a levy made within that time, to the exclusion of the right of the Trustees to administer the estate of the bankrupt for the benefit of the creditors, including the municipality.

"Whether upon refusal of the agents of the municipality to surrender the possession to the Trustees, and upon their forcibly holding the same against the Trustees, the Bankruptcy Court has the right to make a summary order directing the United States Marshal to take possession of the property and deliver it to the Trustees, where the order made did not involve any question other than an administrative question, and expressly excluded any question that might arise under Section 64 [sub. a] (4) of the Bankruptcy Act [11 U.S.C.A. § 104, sub. a(4)] as to the amount or validity of the tax, that question not being involved."

In an explanatory statement of the questions involved, the Referee summarized the pleadings before him and pointed out that the question involved in the show cause order had not been decided but was the subject of discussion in briefs filed. He stated that his order of November 6 was made for the sole purpose of permitting the Trustees to administer the estate without prejudice to the rights of the City and County to claim priority for taxes—a question apparently reserved in the show cause proceedings. The Referee stated that the order was necessary because the City and County, while not attempting to sell the property for the tax claim, was attempting to hold it forcibly against the possession of the Trustees, and demanding that the tax be paid before possession would be surrendered to the Trustees. The court affirmed the order of the Referee and this appeal is taken from that order.

At the outset it seems important to understand that we are not concerned on appeal with the summary jurisdiction of the bankruptcy court to adjudicate the amount, validity or priority of any tax owing to the City and County or the lien thereon for the payment of the same. Rather, the scope of our appeal is confined to the narrow question whether the bankruptcy court had summary jurisdiction to take possession of personal property owned by the bankrupt but in the possession of a third party who by agreement with the bankrupt had stored it in a building owned by the bankrupt when the bankruptcy proceedings were instituted.

▆▆▆▆ Upon adjudication in bankruptcy all of the property of the bankrupt, both real and personal, wherever located is drawn to the jurisdiction of the Bankruptcy Court. Fish v. East, 10 Cir., 114 F.2d 177, 192. The trustee succeeds to the title of all the bankrupt's property or his rights therein, as of the date of the filing of the petition in bankruptcy. See Section 70 sub. a of the Bankruptcy Act, 52 Stat. 879, 11 U.S.C.A. § 110 sub. a; Collier on Bankruptcy, 14th Ed. Vol. 4, Section 70.04, p. 943. And, the Bankruptcy Court becomes vested with exclusive jurisdiction of all the property in either the actual or constructive possession of the bankrupt Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405; Acme Harvester Co. v. Beekman

Lum. Co., 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208; Fairbanks Shovel Co. v. Wills, 240 U.S. 642, 36 S.Ct. 466, 60 L.Ed. 841; Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645; Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020; City of Long Beach v. Metcalf, 9 Cir., 103 F.2d 483; Harris v. Brundage, 305 U.S. 160, 59 S.Ct. 131, 83 L.Ed. 100. It is authorized to collect the property, reduce it to money, distribute it, and determine controversies in relation thereto. See Section 2 sub. a(7) of the Act, 52 Stat. 842, 11 U.S.C.A. § 11, sub. a(7). To that end, it may make such orders, issue such process and enter such judgments in addition to those specifically provided for, as may be necessary to enforce the provisions of the Act. Section 2 sub. a(15.).

But possession, not title, is the test of jurisdiction (Thompson v. Magnolia, 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876) and the court does not acquire jurisdiction over the property in the possession of an adverse claimant without his consent. Taubel-Scott-Kitzmiller Co. v. Fox, 264, U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770; Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Mueller v. Nugent, 184 U.S. 1, 22 S.Ct. 269, 46 L.Ed. 405. For the purpose of determining its jurisdiction the court may inquire into the possession of the third party and for such purpose may cite the claimant to show cause. Taubel-Scott-Kitzmiller Co. v. Fox, supra; Harris v. Brundage, supra; Collier on Bankruptcy 14th Ed. Vol. 2, Sec. 23.07, p. 498. If possession is found not adverse or merely colorable it may summarily order the property turned over to the Trustee. Harris v. Brundage, supra; Harrison v. Chamberlin, supra; Peck v. Howard, 9 Cir., 130 F.2d 1001; In re Display Stage Lighting Co., D.C., 56 F.2d 1046; In re Veelock Mfg. Co., D. C., 26 F.Supp. 110. If, however, the property is held by an adverse claimant under claim of right the summary jurisdiction of the court is at an end, and the court cannot summarily direct the adverse claimant to turn over the property to an officer of the court unless the adverse claimant consents to such procedure. Collier on Bankruptcy, 14th Ed. Vol. 1, Sec. 2.46, and cases cited under

Note 4. In these circumstances the trustee must resort to a plenary action to enforce whatever rights the bankrupt may have in the property. Mueller v. Nugent, supra; Taubel-Scott-Kitzmiller Co. v. Fox, supra; Galbraith v. Vallely, 256 U.S. 46, 41 S.Ct. 415, 65 L.Ed. 823; Harrison v. Chamberlin, supra; Cline v. Kaplin, 323 U.S. 97, 98, 65 S.Ct. 155, 89 L.Ed. 97; In re Display Stage Lighting Co., D.C., 56 F.2d 1046; Chandler v. Perry, 5 Cir., 74 F.2d 371; In re Meiselman, 2 Cir., 105 F.2d 995; Peck v. Howard, 9 Cir., 130 F.2d 1001; Honeyman v. Hughes, 9 Cir., 156 F.2d 27; In re Veelock Mfg. Co., D.C., 26 F.Supp. 110.

It is urged that since Section 64, sub a (4) of the Act, 52 Stat. 874, 11 U.S.C.A. § 104, sub. a(4) grants priority for taxes owing to the state or any sub-division thereof, and expressly empowers the court to determine any question as to amount or legality of the same, the Bankruptcy Court is vested with exclusive jurisdiction to adjudicate the tax lien in the course of the administration of the bankrupt estate. Citing In re Florence Commercial Co. v. Thalheimer, 9 Cir., 19 F.2d 468; Cohen v. United States, 1 Cir., 115 F.2d 505; In re California Pea Products, D.C., 37 F.Supp 658; In re Lasky, D.C., 38 F.Supp. 24.

In re Florence Commercial Co. v. Thalheimer, supra, sustained the exclusive jurisdiction of the Bankruptcy Court to determine the amount and validity of taxes and to adjudicate the lien therefor on property in possession of the taxing authority at the time of the institution of the bankruptcy proceedings. Jurisdiction was based upon the provisions of Section 64, sub. a(4), the court emphasizing the necessity for certainty and promptitude in the payment of taxes in the administration of the bankrupt estate under the Act. Other cases also lay emphasis upon the importance of the payment of taxes in accordance with the Bankruptcy Act, (Cohen v. United States, supra; In re Sheinman, D.C., 14 F.2d 323) but no other case is cited, nor any we have been able to find, sustains the jurisdiction of the Bankruptcy Court to summarily take possession of property from an adverse claimant for the purpose of determining the amount and validity of an

512

asserted tax in accordance with Section 64, sub. a(4). See Arkansas Corporation Commission v. Thompson, 313 U.S. 132, 61 S.Ct. 888, 85 L.Ed. 1244; New Jersey v. Anderson, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284; In re Monongahela, 3 Cir., 141 F.2d 864.

Summary jurisdiction was asserted in Taubel-Scott-Kitzmiller Co. v. Fox, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770, with respect to property in the possession of judgment creditors under a voidable lien under Section 67, sub. f, now 67, sub. a of the Bankruptcy Act, 52 Stat. 875, 11 U.S.C.A. § 107, sub. a. It was there argued that since the Bankruptcy Court was expressly empowered under Section 67, sub. f to order a void lien preserved for the benefit of the bankrupt estate the Bankruptcy Court had summary jurisdiction by implication to determine the validity of the lien although it lacked possession of the property. But the Court held that the statute did not confer such jurisdiction, without consent, but only substantive and adjective rights enforceable in a plenary suit.

By the 1938 Amendment to the Bankruptcy Act the Congress expressly granted the summary jurisdiction denied in the Fox case with respect to voidable liens under 67, sub. f, now 67, sub. a. See In re Rand Mining Co., D.C., 71 F.Supp. 724; Collier on Bankruptcy, 14th Ed., Vol. 4, Section 67.18, p. 142. But, although it treated taxes and statutory liens under Section 67 subs. b and c, it significantly omitted to grant summary jurisdiction to determine questions arising as to the amount and legality of taxes owing to the United States, or to any State or sub-division thereof, under Section 64, sub. a.

The City had actual possession of the personal property and claimed it adversely to the Bankruptcy Court in virtue of a lien which is certainly not colorable. See Collier's on Bankruptcy, 14th Ed., Vol. 2, Section 23.06.

■ We hold that the Bankruptcy Court had no summary jurisdiction of the personal property in the possession of the City and County of Denver and that it could not acquire summary jurisdiction by

ordering the property taken pending decision on the question of its jurisdiction. Having wrongfully taken possession of the property it should be surrendered to the adverse claimant. Cf. Chandler v. Perry, supra; Collier on Bankruptcy, 14th Ed. Vol. 3, Section 23.05, p. 460.

It seems clear from the record that although the City and County has technical possession of the building in which the personal property is located it asserts no claim or title thereto except as a tenant at will with the consent of the bankrupt. It is not an adverse claimant and the trustees are in constructive possession of the same. See Collier on Bankruptcy, Vol. 2, Section 23.05, p. 467. Having constructive possession the Bankruptcy Court is vested with summary jurisdiction to acquire actual possession and make such administrative orders as are necessary for the protection and administration of the estate, including forced entry.

The case is reversed and remanded with directions to redeliver to the City and County the personal property covered by the distraint warrant without prejudice however to the jurisdiction of the Bankruptcy Court over the property not included therein.