## SHAW v. THOMPSON.
### No. 12943.

United States Court of Appeals
Fifth Circuit.

Oct. 16, 1950.

Paul Blanchard, Columbus, Ga., for appellant.

Theo. J. McGee, Roscoe M. Thompson, Columbus, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

After a full hearing as to whether a purported transfer of an automobile by the bankrupt to one Kelly Shaw was genuine or merely colorable, the referee found that it was colorable and that Shaw, in order to avoid turning the car over to the trustee, had sold it for $2400. He, therefore, issued a turn over order requiring Shaw to at once surrender the car to the trustee or pay the trustee the $2400 he had received from its sale.

On Shaw's petition for review, the district judge approved the findings that the transfer was colorable. He further found, however, that Shaw had made repairs on the car of the value of $600, for which he should be allowed a credit. He, therefore, issued a turn over order requiring him to pay to the trustee $1800 instead of the $2400 ordered by the referee.

Shaw is here contesting both the summary jurisdiction of the court and its findings and order.

An examination of the record leaves us in no doubt that these contentions are without merit. The correctness of the Court's assertion of jurisdiction, as well as of the turn over order, depends upon the correctness of the fact findings on which the order was based. The record abundantly supports these findings. The case smacks so much of, the circumstances present so many badges and indicia of, fraud that despite the direct testimony to the contrary, the court was authorized to, and did, reject it as untrue. Indeed the finding of fraud seems almost to have been demanded. The exercise of summary jurisdiction was proper. The order entered was right. It is

Affirmed.