Marvin B. KAPELUS and Crenshaw Carpet Center, Inc., Appellants,

v.

A JOINT VENTURE or Co-Partnership composed of Joseph J. Franklin et al., Appellees.

Marvin B. KAPELUS and Crenshaw Carpet Center, Inc., Appellants,

v.

A Joint Venture, or Co-Partnership composed of Joseph J. FRANKLIN et al., Appellees.

No. 20991.

United States Court of Appeals Ninth Circuit.

May 8, 1967.

Rehearing Denied June 14, 1967.

John P. Stodd, Santa Ana, Cal., for appellants.

James E. Walker, Santa Ana, Cal., J. Ronald Trost, Quittner, Stutman, Treister & Glatt, Los Angeles, Cal., for appellees.

Before CHAMBERS and BARNES, Circuit Judges, and HALBERT, District Judge.

CHAMBERS, Circuit Judge:

The joint venture set forth in the caption is subject to a Chapter XI reorganization, one of the arrangements where the debtor goes on operating while the federal bankruptcy court keeps the creditors at bay, at least for a while.

The subject matter of this bankruptcy determination before the referee, the district court, and, now, here, is a valuable lot in Orange County, California. The bankruptcy proceedings were used to supersede a quiet title action in the state superior court of Orange County, California. Informally, the lot is known as the west half of the Katella property.

The ultimate transaction converted by the referee into a mortgage followed a series of dealings between the appellees, promoter-builders of apartment houses and motels, and the appellants. There was a considerable history of financial difficulty, a law suit and various arrangements between the parties. The interest of Kapelus was that of an unpaid lawyer. The interest of appellant Crenshaw Carpet Company was that it had not been paid for carpet which went into a motel.

The critical dealing involved the transfer by the joint venture of the west half of the Katella property to a dummy representing appellants. Appellees were given an option to purchase the property back for $20,500, approximately the amount of the preexisting debt. There is no doubt of the existence of a value far, far in excess of $20,500. The appellants refused to convey back on a tender of $20,500 on the ground that conditions of the option (other than timeliness) had not been met.

■ We have no trouble with the decision on the merits. The fact that the property was worth ten to twenty times the value of the antecedent debt, a find-

ing we can't disturb, militates very heavily against the transaction being a sale and there were other circumstances that buttress the conclusion that the last transaction was still a hard pressed debtor's security device.

■ But the big issue is the jurisdiction of the referee. The Bankruptcy Act gives the referee in bankruptcy power to resolve adverse claims by means of summary proceedings. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876. This power may only be invoked, however, when the property in question is in the possession of the bankrupt. It is established that there is no summary jurisdiction where a third person is in possession of the property under a claim of right. Suhl v. Bumb, 9 Cir., 348 F.2d 869. While a tougher question is raised where, as here, one party, appellants, has legal title and the other, appellees, is in actual possession, it is now clear that a bankruptcy court has summary jurisdiction to adjudicate claims to all property that is in the bankrupt's physical possession, notwithstanding the fact that legal title rests in a third party. Thompson v. Magnolia Petroleum Co., supra; Robinson v. Mann, 5 Cir., 339 F.2d 547.*

■ Appellants argue strenuously that the referee's finding, not found by the district court to be clearly erroneous, that appellees were in actual possession of the west half of the Katella property is incorrect. We find little merit to appellants' contentions as there is sufficient evidence on the record to support the referee's determination. The Katella property was unimproved land located next to one of appellees' motels. Appellees removed signs advertising a competing motel from the property. They went on the land to show it to potential purchasers and lenders and authorized others to go on the land. In addition they made payments to the holder of the first deed of trust and paid taxes on the property. While there was some conflicting evi-

---

* See also dicta to this effect in Suhl v. Bumb, 9 Cir., 348 F.2d 869, 871, and Kaplan v. Guttman, 9 Cir., 217 F.2d 481, 484.

dence (appellants also claimed to have authorized entry on the land and to have made payments to the holder of the first deed of trust) the weight of the evidence supports the referee's determination. In determining jurisdiction based upon possession, the referee has the right to resolve the disputed question of: Was there possession? It is not limited on jurisdiction to cases where possession is admitted.

The order of the district court affirming the referee is affirmed.