**HOLLYWOOD NATIONAL BANK,**
Appellant,

v.

**A. J. BUMB, Trustee, Appellee.**

No. 22217.

United States Court of Appeals
Ninth Circuit.

March 13, 1969.

Manatt & Phelps, Van Nuys, Cal., for appellant.

C. E. H. McDonnell and George T. Goggin, Gerald L. Romanik, Los Angeles, Cal., for appellee.

Before BARNES, ELY and HUF-STEDLER, Circuit Judges.

BARNES, Circuit Judge:

This is an appeal from an order of the United States District Court for the Central District of California denying appellant's petition to review and reverse an order of the referee in bankruptcy in Chapter XII proceedings. The district court had jurisdiction to consider the petition under 11 U.S.C. §§ 11(a) and 67(c); we have jurisdiction of the appeal under 11 U.S.C. §§ 47(a) and 816.

In 1965 and 1966, appellant-bank acted as escrow holder for the sale of two parcels of real property, each consisting of land and an apartment house. In each escrow, appellee Bumb was the seller, as the duly appointed trustee for the estate of the debtor, and the buyer was a corporation approved by the referee. The sales were authorized by orders of the referee, which orders permitted the opening of escrows to consummate the sales. Pursuant to these orders, the buyer and the trustee contracted with the bank to handle the escrows.

Thereafter, the trustee filed an application with the referee in which he al-

leged that the bank violated the escrow instructions and thereby damaged the estate. The referee then ordered the bank to show cause why it should not be held liable, thus attempting to assert summary jurisdiction over the bank. The bank appeared specially and moved to dismiss the trustee's application and the order to show cause on the ground that the referee had no jurisdiction over the subject of the application and lacked the power to issue the orders contemplated by the order to show cause. The referee denied this motion and his denial was affirmed by the court below.

Thus, the sole issue before this court is whether the referee has *summary jurisdiction* to adjudicate the issues of whether the bank closed the escrows in violation of the instructions and whether the estate was damaged by those closings.

As the Supreme Court, and this court also, has said on numerous occasions, a bankruptcy court has the power to adjudicate summarily rights and claims to property which is in the actual or constructive possession of the court. If the property is not in the court's possession and a third person asserts a bona fide claim adverse to the receiver or trustee in bankruptcy, he has the right to have the merits of his claim adjudicated in a plenary action, with the rights and remedies incident thereto. Katchen v. Landy, 382 U.S. 323, 327, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); Cline v. Kaplan, 323 U.S. 97, 98–99, 65 S.Ct. 155, 89 L.Ed. 97 (1944); Kapelus v. Joint Venture, 377 F.2d 815, 816 (9th Cir. 1967); Baker & Taylor Drilling Co. v. Stafford, 369 F.2d 551, 553 (9th Cir. 1966); Suhl v. Bumb, 348 F.2d 869, 870 (9th Cir. 1965); Sulmeyer v. Pfohlman, 329 F.2d 915, 917 (9th Cir. 1964).

The trustee here contends that the present case is a proper one for summary jurisdiction on the ground that the apartment houses and land which were sold in the escrow transactions in question were formerly part of the bankrupt estate and, therefore, in the possession of the court. This argument fails to recognize that this is an action for *damages for an alleged breach of contract*, and not for an order to return property to the bankrupt estate. Appellee has adopted this erroneous conception despite the clear language in the documents filed herein. His own application is for an "order to show cause for *damages for wrongful close of escrow*" (R. 1, 6); the order issued by the referee is "to show cause for *damages for wrongful close of escrow*" (R. 44).

Courts which have considered this question have concluded that a trustee cannot enforce claims for a breach of contract in a summary proceeding, but must resort to a plenary suit. In re 671 Prospect Ave. Holding Corp., 118 F.2d 453, 454 (2d Cir. 1941); Morrison v. Bay Parkway Nat'l Bank, 60 F.2d 41, 42 (2d Cir. 1932). Further, where the existence of the chose in action is the issue in dispute—as here—the bankruptcy court cannot assume summary jurisdiction. In re Eakin, 154 F.2d 717, 719 (2d Cir. 1946); In re Rogers, 51 F. Supp. 930, 932 (S.D.N.Y. 1942).

More recently, the court in Tamasha Town & Country Club v. McAlester Constr. Fin. Corp., 252 F.Supp. 80, 86 (S.D.Cal.1966), considered whether a basis for summary jurisdiction existed under the Bankruptcy Act where the plaintiff was bringing an *action for damages*, and concluded as follows:

"It is clear to me that Plaintiff's action is not one to *recover* anything, and that no 'fund' exists which is sought to be received. * * * The action does not seek to recover any specific money or property in the hands of the Defendant.

"It is well established that summary jurisdiction does not exist to enforce a chose in action against a debtor since such an action involves no property in the actual or constructive possession of the Bankruptcy Court. It is likewise well settled that summary jurisdiction does not extend to actions where indemnification is sought rath-

er than restitution." (footnotes omitted)

See also Maggio v. Zeitz, 333 U.S. 56, 63, 68 S.Ct. 401, 92 L.Ed. 476 (1948), and In re Welded Constr., Inc., 339 F.2d 593, 594 (6th Cir. 1964).

Thus, since the present action is not to recover any specific property or fund which was once part of the bankrupt estate, but is, rather, to enforce a chose in action, *i. e.*, to collect damages for breach of contract and thereby obtain indemnification, this is not a proper case for summary jurisdiction. Accordingly, the judgment of the court below is *reversed* and the case remanded for further proceedings in accordance with this opinion.

Reversed and remanded.