Samuel B. BROUNER, Appellant,

v.

Charles SELIGSON, as Trustee in Bankruptcy of Ira Haupt & Co., Appellee.

In the Matter of Ira Haupt & Co., a Limited Partnership, Bankrupt.

No. 39, Docket 33423.

United States Court of Appeals Second Circuit.

Argued Sept. 18, 1969.

Decided Oct. 6, 1969.

Murray H. Paloger, New York City, for appellant.

Harvey R. Miller, New York, N. Y. City (Seligson & Morris and Jeffrey L. Zivyak, New York City, on the brief), for appellee.

Before MOORE, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

On May 29, 1963, Office Decorators, Inc., a corporation wholly owned by Samuel B. Brouner, purchased office furniture from Ira Haupt & Co. with a loan from Chemical Bank New York Trust Company and leased it back to Haupt. A security deposit of $13,125 was given to Office Decorators by Haupt pursuant to a supplement to the lease agreement. This security deposit was commingled with other funds in Office Decorators' general bank account. It was never segregated into a trust fund as required by section 382–a of the General Business Law of the State of New York (now N.Y. General Obligations Law, McKinney's Consol.Laws, c. 24–A, § 7–101 (McKinney 1964)). On January 29, 1964, two months before an involuntary petition in bankruptcy was filed against Haupt, Brouner sold Office Decorators to a nominee of Chemical Bank. The agreement stated:

"It is understood * * * that the Company [Office Decorators] has received $13,125 as a security deposit * * * [which] has been withdrawn by the undersigned [Brouner] as additional consideration for the transfer, to you [Chemical Bank's nominee] of all the issued and outstanding capital stock of the Company."

On March 25, 1966, Haupt's Trustee commenced a summary proceedings to recover the deposit from Brouner on the theory that the fund had been converted.

A bankruptcy court's summary jurisdiction is based upon either actual or constructive possession of the bankrupt's property, consent of the adverse claimant, or a determination that the adverse claim is "merely colorable" and not "real and substantial." Harrison v. Chamberlin, 271 U.S. 191, 193–194, 46 S.Ct. 467, 70 L.Ed. 897 (1926). If the adverse claim is real and substantial, the Trustee must seek his recovery in a plenary action under section 23 of the Bankruptcy Act. 11 U.S.C. § 46 (1964). Brouner contends that summary jurisdiction is improper since he has a real and substantial claim to $13,125 based on his agreement of sale with Chemical Bank.

The Trustee has a claim against Office Decorators for the security deposit and if the sum is not on deposit in a bank as a trust fund, then there is a claim against those responsible for the absence of the fund. Those responsible would include both Brouner and his successor in interest, i. e., Chemical Bank's nominee. If the Trustee chooses to pursue his remedy against Brouner, the private arrangement between Brouner and Chemical Bank as to who is liable between themselves should not hinder the Trustee's remedy. This Court is not called upon to determine whether Brouner has equitable rights of subrogation, contribution, or indemnification against Chemical Bank as a result of the total transaction. Even if those rights exist against Chemical Bank, it does not mean that Brouner has a claim adverse to the Trustee that is real and substantial.

The Referee's order, directing appellant, Brouner, to turn over the sum of $13,125 plus interest to Haupt's Trustee in Bankruptcy, was a proper exercise of the Bankruptcy Court's summary jurisdiction.

Affirmed.