**In the Matter of Randall Lee MADDEN, Bankrupt.**

**William B. RAWLINGS, Trustee for the Estate of Randall Lee Madden, Plaintiff,**

**v.**

**UNITED STATES of America and William Simon, Secretary of the Treasury of the United States of America, Defendant.**

**No. BK–70–512.**

United States District Court,
D. Idaho.

Jan. 24, 1975.

48

R. Michael Southcombe, Clemons, Cosho, Humphrey & Samuelsen, Boise, Idaho, for plaintiff.

Dan E. Dennis, Asst. U. S. Atty., Boise, Idaho, for defendant.

## MEMORANDUM DECISION AND ORDER

J. BLAINE ANDERSON, District Judge.

### CASE SUMMARY

This action is an appeal pursuant to 11 U.S.C.A. § 67(c) by the United States, Appellant, from an order of the Bankruptcy Judge entered July 12, 1974, denying Appellant's motion to dismiss trustee's-appellee's complaint for turn-over a dividend previously and erroneously paid to the United States, in a Chapter XI proceeding under the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. The issue before this Court is whether or not the Bankruptcy Court had summary jurisdiction to decide if a dividend previously paid to the United States to satisfy its tax claim for Withholding and F.I.C.A. taxes may be recovered by the trustee, pursuant to Section 57(l) of the Bankruptcy Act, 11 U.S.C.A. § 93(l). The Bankruptcy Court has summary jurisdiction to entertain this proceeding and to enter a turn-over order, and therefore denial of the appellant's motion to dismiss is affirmed.

### FACTS

The facts in this matter are undisputed and are recounted below as derived from the record furnished for this appeal.

On June 12, 1970, the bankrupt, Randall Lee Madden, filed his petition for arrangement under Chapter XI of the Bankruptcy Act, supra. On July 27, 1970, the United States filed its proof of claim in the Chapter XI proceeding. The United States on October 28, 1970, filed its claim for taxes incurred as administrative expenses by the debtor in possession during the Chapter XI proceeding. These Withholding—F.I.C.A. taxes in the amount of $1,019.11, along with Federal Highway Use taxes in the amount of $350.90, were paid by the trustee on April 27, 1972.

The trustee thereafter redetermined payments to the United States and filed a complaint on May 21, 1974, against the United States to obtain a turn-over of sums previously paid out as dividends to satisfy the tax claims of the United States. The trustee sought the turn-over order on grounds that he had erroneously paid the dividends, having determined that the sums paid should not have been based upon the priority and position of the United States in regard to other creditors. The United States filed a motion to dismiss the complaint for turn-over on the basis that the bankruptcy court did not have jurisdiction

The Bankruptcy Judge denied the government's motion to dismiss on the ground that the trustee's proceeding was not an action to recover a tax alleged to have been erroneously or illegally assessed or collected or any penalty claimed to have been collected without authority or any sum to have been alleged to have been excessive [and] in any manner wrongfully collected under the Internal Revenue laws, but rather was an action to recover a bankruptcy dividend erroneously paid by the trustee, of which the United States District Court, acting through its Bankruptcy Judge, had express summary jurisdiction under Section 57(*l*) of the Bankruptcy Act, 11 U.S.C.A. § 93(*l*). Final order was entered July 12, 1974.

## I.

For purposes of this appeal, the United States admits that, with respect to the trustee's complaint for turn-over of the previously paid highway use taxes, pursuant to the proof of claim filed by the United States, the Bankruptcy Court had jurisdiction. However, the United States contends that the Bankruptcy Court did not have jurisdiction to determine the trustee's complaint for turn-over of the amounts paid in satisfaction of the liability for Withholding and F.I.C.A. taxes incurred by the debtor in possession during the Chapter XI proceedings.

The United States relies on Section 23(b) of the Bankruptcy Act,[1] 11 U.S.C.A. § 46(b) which essentially provides that a receiver or trustee may only bring suit in the courts where the bankrupt might have brought or prosecuted them if the bankruptcy proceedings had not been instituted, unless the defendant consents to the suit under other sections of the Act. As a result, the United States asserts that the consent of the United States to be sued in an action to recover taxes alleged to have been wrongfully collected in any manner, and previously paid, is strictly controlled by statute, specifically Section 7422(a) of the Internal Revenue Code of 1954,[2] 26 U.S.C.A. § 7422(a) and [3] 28 U.S.C.A. § 1346 (a)(1). Section 7422(a), supra, sets forth the prerequisite of filing a claim for refund with the Secretary [of the Treasury] or his delegate prior to filing suit under Section 1346(a)(1), supra. Accordingly, the United States argues that the trustee has failed to allege compliance with Section 7422(a), supra, and as a result, could not have maintained his suit for turn-over in the Bankruptcy Court, citing Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); Lawrence v. United States, 378 F.2d 452 (5th Cir. 1967).

Furthermore, the United States argues that even had the trustee complied with this statute and filed in accordance with Section 7422(a), supra, and such claim having been rejected, the United States

[1]. 11 U.S.C.A. § 46(b):

"Suits by the receiver and the trustee shall be brought or prosecuted only in the courts where the bankrupt might have brought or prosecuted them if proceedings under this title had not been instituted, unless by consent of the defendant, except as provided in sections 96, 107, and 110 of this title."

[2]. 26 U.S.C.A. § 7422(a):

"*No suit prior to filing claim for refund.* —No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, un-

til a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof."

[3]. 28 U.S.C.A. § 1346(a)(1):

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;"

**50**

submits that the proceeding to recover a previously paid dividend could not have been brought as a turn-over proceeding in the Bankruptcy Court. The United States argues that Section 1346(a)(1), supra, vests original jurisdiction in the District Courts for any civil action for the recovery of taxes alleged to have been erroneously paid. Therefore, the United States maintains that 28 U.S.C.A. § 1346 (a)(1), when read with Section 23(b) of the Bankruptcy Act, supra, requires that such suit by the trustee to recover a dividend previously distributed, must be brought as a refund suit in the District Court and not as a turn-over proceeding in the Bankruptcy Court. In conclusion, it is the position of the United States that the Bankruptcy Court lacked summary jurisdiction in the turn-over proceeding and even if the Bankruptcy Court had such jurisdiction, it was not proper on the facts of this case for failure to comply with Section 7422(a) of the Internal Reveune Code of 1954, supra.

II.

■■■ A bankruptcy court's summary jurisdiction is based upon either actual or constructive possession of the bankrupt's property, consent by the adverse claimant, or a determination that the adverse claim is merely colorable and not real and substantial. Harrison v. Chamberlain, 271 U.S. 191, 193–194, 46 S.Ct. 467, 70 L.Ed. 897 (1926); Brouner v. Seligson, 416 F.2d 705 (2nd Cir. 1969). Summary jurisdiction to adjudicate claims to all property that is in the bankrupt's physical possession exists, notwithstanding the fact that legal title rests in a third party. Kapelus v. A Joint Venture, 377 F.2d 815, 816 (9th Cir. 1967); Hollywood National Bank v. Bumb, 409 F.2d 23 (9th Cir. 1969). These principles hold true for Chapter XI proceedings. Section 311 of the Bankruptcy Act, 11 U.S.C.A. § 711; In Re Barasch, 439 F.2d 1393 (9th Cir.

1971); In Re Stockman Development Company, 447 F.2d 387 (9th Cir. 1971), cert. den. 405 U.S. 923, 92 S.Ct. 962, 30 L.Ed.2d 794. Here, the trustee took possession of the bankrupt's estate upon the filing of the petition, and thereafter distributed a part of the estate to the United States to satisfy its tax claim. The bankruptcy court had summary jurisdiction at the outset to adjudicate all claims with respect to the estate in the possession of the trustee and to distribute the same. However, the trustee thereafter redetermined that the dividend paid to the United States was erroneous and applied for a turn-over order against the United States to recover the previously distributed dividend.

■■ By virtue of the fact that this is a suit against the United States and because it had collected a tax, now alleged by the trustee to be erroneously distributed, the United States asserts a right to plenary suit in the District Court, pursuant to 28 U.S.C.A. § 1346 (a)(1). This court does not quarrel with the meaning of 28 U.S.C.A. § 1346(a)(1) and Section 7422(a) of the Internal Revenue Code of 1954, supra, and the cases cited in support thereof, as they clearly mean that suit is proper in the District Court only after payment of the tax assessed and demand to the Secretary for a refund; however, these statutes do not control the result in this case. Rather, the Bankruptcy Act is applicable. Simply because the trustee paid a dividend to the United States, such payment does not sever the Bankruptcy Court's summary jurisdiction by triggering 28 U.S.C.A. § 1346(a)(1). The Bankruptcy Court has continuing jurisdiction to administer the bankruptcy estate until closing. The Bankruptcy Court, although it has allowed a claim, is expressly given summary jurisdiction to reconsider and reject a claim by virtue of Section 57(k) of the Bankruptcy Act,[4] 11 U.S.C.A. § 93(k) and upon reconsideration the Bankruptcy Court, by summary proceed-

4. 11 U.S.C.A. § 93(k):
"Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part according to the equities of the case, before but not after the estate has been closed."

ing, can order that a dividend previously paid be returned, pursuant to Section 57(*l*) of the Bankruptcy Act,[5] 11 U.S.C.A. § 93(*l*). Sections 57(k) and (*l*) are applicable to Chapter XI proceedings by virtue of Section 302 of the Bankruptcy Act,[6] 11 U.S.C.A. § 702.

Section 57(*l*) of the Bankruptcy Act, supra, is a logical extension of summary jurisdiction conferred by Section 2(a) (2) of the Bankruptcy Act, 11 U.S.C.A. § 11(a)(2), as it provides the trustee an efficient, summary means to correct a wrongful distribution and thereby equitably administer the bankruptcy estate. Moreover, the Supreme Court has long recognized that a chief purpose of the bankruptcy laws is to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period of time, and that provision for summary disposition, without regard to usual modes of trial attended by some unnecessary delay, is one of the means chosen by Congress to effectuate that purpose. Katchen v. Landy, 382 U.S. 323, 328–329, 86 S.Ct. 467, 471–472, 15 L.Ed.2d 391 (1966). The Supreme Court's logic with respect to summary jurisdiction is compelling, and in that regard, in Katchen v. Landy, supra, the Supreme Court further stated:

"It is equally clear that the expressly granted power to 'allow,' 'disallow,' and reconsider claims, Bankruptcy Act § 2(a)(2), 11 U.S.C.A. § 11(a)(2) (1964 ed.), which is of 'basic importance in the administration of a bankruptcy estate,' . . . is to be exercised in summary proceedings and not by the slower and more expensive processes of a plenary suit." supra, at 329, 86 S.Ct. at 472, 15 L.Ed.2d 397 . . . "The whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a 'res', . . . and thus falls within the principle quoted above that bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property within their possession." supra, at 329–330, 86 S.Ct. at 473, 15 L.Ed.2d 397. . . . "[Section] 57(*l*) [of the Bankruptcy Act] provides that when a claim has been reconsidered and rejected the trustee may recover any dividend previously paid on it, proceedings for such recovery to be within the summary jurisdiction of a bankruptcy court." supra, at 331, 332, 86 S.Ct. at 474, 15 L.Ed.2d 398.

### III.

Case law supports this court's interpretation of summary jurisdiction as applicable to the case at hand. Consider, In re Lilyknit Silk Underwear Co., 73 F.2d 52 (2nd Cir. 1934), wherein a composition order previously entered was reversed after most creditors had accepted dividends. Such reversal presented the court with the question of whether or not a trustee in bankruptcy may recover the assets of the bankrupt's estate which

---

5. 11 U.S.C.A. § 93(*l*):
   "Whenever a claim shall have been reconsidered and rejected, in whole or in part, upon which a dividend has been paid, the trustee may recover from the creditor the amount of the dividend received upon the claim if rejected in whole, or the proportional part thereof if rejected only in part, and the trustee may also recover any excess dividend paid to any creditor. The court shall have summary jurisdiction of a proceeding by the trustee to recover any such dividends."

6. 11 U.S.C.A. § 702:
   "The provisions of chapters 1 to 7, inclusive, of this title shall, insofar as they are not inconsistent with or in conflict with the provisions of this chapter, apply in proceedings under this chapter. For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors', and 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this chapter. For the purposes of such application the date of the filing of the petition in bankruptcy shall be taken to be the date of the filing of an original petition under section 722 of this title, and the date of adjudication shall be taken to be the date of the filing of the petition under section 721 or 722 of this title except where an adjudication had previously been entered."

had been used to pay dividends under a composition order subsequently reversed. The Second Circuit, without regard to Section 57(*l*) of the Bankruptcy Act, supra, noted that the trustee in the exercise of his duty imposed by the bankruptcy law may invoke general equitable principles, one of which is the power to require restitution of what has been taken by the enforcement of a judgment subsequently reversed.

The Eighth Circuit spoke of Section 57(*l*), supra, as follows:

> "As to the summary jurisdiction of the court to require the refunding of any excess dividend paid to a creditor, there can be no sound question under subdivision (*l*), section 57 of the Chandler Act, 52 Stat. 866, 11 U.S.C.A. § 93, sub. (*l*)." Boyum v. Johnson, 127 F.2d 491, at 497 (8th Cir. 1942).

Collier on Bankruptcy, 14th Ed., Vol. 3 (1964), at pp. 371–372, in that regard states:

> "The Act of 1938 not only expressly vests the bankruptcy court with summary jurisdiction of a proceeding by the trustee to recover such overpaid dividends, but extends summary jurisdiction to proceedings instituted by the trustee for recovery of any excess dividends, whether these proceedings are the outcome of a reconsideration or of a mere mistake. No matter what the reason for overpayment be, no plenary suit is required in order to secure recovery of an excess dividend.[7] This expansion of the court's summary powers is in line with a general tend-

ency of the Act of 1938 to expedite proceedings and, where justifiable, to avoid the necessity of plenary suits."

Lastly, the case of In re Pittsburgh Railways Company, 253 F.2d 654 (3rd Cir. 1958), presented the Third Circuit essentially the same argument raised by the government in this proceeding. Therein, a voluntary petition for corporate reorganization was filed, followed by a filing of tax claims by the government. A settlement was reached and included interest on taxes from the date of bankruptcy proceedings to the date of payment. The trustee thereafter reconsidered the interest calculation and filed a claim for refund. The claim for refund was not acted upon and the trustee petitioned the bankruptcy court for such refund, alleging jurisdiction under Section 57(k) of the Bankruptcy Act, 11 U.S.C.A. § 57(k). The United States sought dismissal of the petition which was denied and an order for refund was entered.

The United States argued before the Third Circuit that the bankruptcy court did not have jurisdiction to determine the trustee's claim for what amounts to a refund. The government asserted that since there was no statutory consent by the sovereign to permit a claim for refund in the bankruptcy court, the trustee should have been required to bring a separate action under 28 U.S.C.A. § 1346 (a)(1). Additionally, the government argued that since the funds were in its possession, it held the property adversely to the estate of the debtor and the only remedy was a separate action.[8]

---

7. "In the Analysis of H.R. 12889, 74th Cong., 2d Sess. (1936) 179, it was said: 'This provision is expanded to include the right to recover any excess dividend. For the purpose of recovery of dividends paid on claims later rejected or of overpaid dividends, it is deemed advisable to vest the court with a summary jurisdiction of a proceeding.' . . ." Collier on Bankruptcy, 14th Ed., Vol. 3 (1964), footnote 3 at pp. 371–372.

8. Among others, the United States relies upon Danning v. United States, 259 F.2d 305 (9th Cir. 1958). This court believes the re-

liance misplaced. The case is distinguishable. *Danning* decides only the effect of an adjudication upon a *counterclaim* seeking affirmative relief against the United States. That is not the case here. cf. Peters v. Lines, 275 F.2d 919 (9th Cir. 1960) and In re Bruce Construction Corp., 217 F.Supp. 926, 929 (D.C.S.D.Fla.1963), reversed 329 F.2d 678 (5th Cir. 1964). But see, Hollywood National Bank v. Bumb, supra, 409 F. 2d at p. 25, wherein the Ninth Circuit emphasized the distinction between property once in the possession of the bankruptcy court as opposed to actions concerning property not possessed by the bankruptcy court,

In rejecting the government's arguments, the Third Circuit employed the same reasoning this court uses today, namely, the property to which the tax claim was directed was in the possession of the bankruptcy court. The property being amenable to the jurisdiction of the bankruptcy court continued so until closing of the bankruptcy estate, and as such, a plenary action to recover such property previously distributed by the trustee was not required. In that regard the Third Circuit stated:

> "Where assets of the bankrupt and where claims of creditors have been under the jurisdiction of the bankruptcy court, the import of § 57, subsections k and l is that the court's jurisdiction may be asserted any time until closing of the estate." In re Pittsburgh Railways Co., supra, 253 F.2d at 657.

### IV.

 The government relies on Section 7422(a) of the Internal Revenue Code of 1954, supra, as requiring a demand for refund upon the Secretary of the Treasury or his delegate prior to suit in the District Court under 28 U.S.C.A. § 1346(a)(1). As heretofore stated, the turn-over proceeding in the Bankruptcy Court cannot be labeled a refund suit under 28 U.S.C.A. § 1346(a)(1). While it is the holding of this court that Section 7422(a) does not apply in this bankruptcy context, the petition for turn-over does satisfy the underlying rationale of that section. The complaint is addressed to the Secretary of the Treasury, states the amount of monies that were erroneously paid to the Internal Revenue Service as an agency of the Department of the Treasury, and prays that such monies be returned to the trustee in bankruptcy. The Internal Revenue Service was adequately advised of the demands intended to be asserted by the trustee in bankruptcy so as to insure an orderly

administration of revenue, and furthermore, the Internal Revenue Service was given the chance to correct an error if the Internal Revenue Service felt such error was made.

It is essential to the orderly conduct of government that its taxes should be promptly paid and disputes in relation thereto be speedily adjusted; however, this decision does not conflict with those goals. Nor has the United States contended that Section 57(l) of the Bankruptcy Act, supra, is disruptive in that regard. This Court is of the view that summary reconsideration of a previously distributed dividend prior to the closing of the bankruptcy estate adequately protects efficient tax administration and efficient bankruptcy administration.

The order of the bankruptcy judge of July 12, 1974, is hereby affirmed and remanded for further proceedings.

---

or actions seeking to enforce a chose in action. This is an adjudication within the original bankruptcy jurisdiction and not one seeking affirmative relief against the United

States on a counterclaim. *Danning*, 259 F.2d pp. 309–310, should be construed and applied strictly to the narrow issue presented and decided.