278

In the Matter of COURT LINE INCOR-
PORATED et al., Bankrupts.

David W. BERNSTEIN, Plaintiff,

v.

FOREIGN STUDY LEAGUE,
INC., Defendant.

Bankruptcy No. 74 B 1638–40.

United States Bankruptcy Court,
S. D. New York.

Nov. 5, 1979.

David Otis Fuller, Jr., New York City, for
defendant.

Rogers & Wells, New York City, for
plaintiff.

MEMORANDUM OPINION

JOEL LEWITTES, Bankruptcy Judge.

The trustee for the above-captioned
bankrupts [1] has commenced, by the filing of
a complaint, an adversary proceeding, in
accordance with Bankruptcy Rule 701(2) [2],
seeking recovery of $48,501.43 from the de-
fendant Foreign Student League ("FSL").
That sum reflects the alleged value of serv-
ices performed by the bankrupts, between
June 2, 1973 and February 4, 1974, pursuant
to a contract whereby FSL agreed to reim-
burse the bankrupts for providing housing
accommodations and other amenities for
travelling students.

FSL responded to the trustee's complaint
by motion pursuant to Bankruptcy Rule
712,[3] this Court's procedural mate to Fed.R.
Civ.P. 12, to dismiss the trustee's complaint
or, in the alternative, to stay the instant
proceedings, pending a determination in a
parallel proceeding, brought by third par-
ties against FSL, allegedly involving issues
identical to those here, in the High Court of
Justice, Chancery Division, London, Eng-
land.

Argument on the dismissal motion was
heard before Bankruptcy Judge Lesser and
decision was reserved. Following Judge
Lesser's retirement from this Court on Sep-
tember 28, 1979, this case was reassigned to
me. By letter, received in my Chambers on
October 23, 1979, the trustee herein notified
me of the pendency of this motion and
requested a speedy resolution of the issues
raised.

1. The bankrupts filed their voluntary petitions
on November 15, 1974.

2. 411 U.S. 1068.

3. 411 U.S. 1074.

For reasons set forth below, the only relief this Court can extend to the trustee is such a speedy determination.

### Discussion

FSL bases its Rule 12 motion to dismiss on three separately stated grounds: (1) failure to state a claim upon which relief may be granted; (2) failure to join indispensable parties and (3) lack of subject matter jurisdiction. A review of FSL's assigned grounds for dismissal, in inverse order, reveals that it is unnecessary to look beyond FSL's objection to jurisdiction.

It is well established that absent consent, as here, to the summary jurisdiction of this Court,[4] the power of this Court to summarily adjudicate rights and claims to property is limited to such rights and claims which are in the actual or constructive possession of the bankruptcy court.[5]

As noted in the trustee's affidavit in opposition to the instant motion, the trustee's claim rests upon an alleged failure by FSL to pay for services purportedly rendered by the bankrupts in accordance with a written agreement between the bankrupts and FSL.[6] Since the present action clearly is not one to recover

> ". . . any specific property or fund which was part of the bankrupt estate, but is rather to enforce a chose in action, i. e. to collect damages for breach of contract and thereby obtain indemnification, this is not a proper case for summary jurisdiction."[7]

This result obtains "even when the . . . [trustee's] rights seem clear."[8]

Accordingly, FSL's motion to dismiss for lack of this Court's jurisdiction is granted and the trustee's complaint is, in all respects, dismissed.

Settle an order on three (3) days notice in conformity with this opinion.

---

**4.** Bankruptcy Act § 2a(7), 11 U.S.C. § 11a(7), provides, *inter alia*, that an objection to summary jurisdiction may be interposed either by motion or an answer addressed to the complaint. Although FSL has not, in so many words, in its motion to dismiss specifically objected to this Court's summary jurisdiction, we deem that its objection to the subject matter jurisdiction necessarily embraces an objection to summary jurisdiction.

**5.** *E.g. Katchen v. Landy*, 382 U.S. 323, 327, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

**6.** Pursuant to Bankruptcy Act § 70a(6), 11 U.S.C. § 110a(6), the trustee is vested by operation of law with the title of the bankrupt to rights of action arising upon contracts.

**7.** *Hollywood National Bank v. Bumb*, 409 F.2d 23, 25 (9th Cir. 1969) (italics in text). See also *In re Roman*, 23 F.2d 556 (2d Cir. 1928); 5A Remington on Bankruptcy § 2373 at 116 (1953); 2 Collier on Bankruptcy ¶ 23.05 at 492 (14th ed. 1976).

**8.** *In re Lehigh & Hudson River Railway Company*, 468 F.2d 430, 433 (2d Cir. 1972). We, of course, do not reach here, the merits, if any, to the trustee's proceeding.